## 18229.  HEATON *v.* THE STATE.

1. The rulings on the demurrer to the plea in abatement were not erroneous.

2. The court did not err in overruling the demurrer to the traverse to that portion of the plea in abatement which was not stricken by demurrer.

3. The court properly directed a verdict against the plea in abatement, and did not err in overruling the motion for a new trial as to the issue raised by that plea.

4. A verdict as follows: "We, the jury, find the defendant, W. W. Heaton, guilty. This the 8th day of February, 1927. H. M. McRae, Foreman," which is immediately followed by the words and figures, "Minimum 3 years, maximum 5 years," is sufficiently clear as to the maximum and minimum punishment. It is immaterial that the portion of the verdict fixing the penalty was written after and not before the foreman's signature. *Simpson* v. *State*, 34 *Ga. App.* 487 (130 S. E. 215).

5. Jurors related within the prohibited degree to depositors of a bank are not, for this reason, incompetent to act as grand-jurors upon an investigation of a charge against its president accused of embezzlement from the bank, where it is not charged that the bank was insolvent; nor are jurors so related incompetent to sit upon the trial of such a case where the embezzling did not cause insolvency of the bank.

6. The indictment alleged that the offense charged "was unknown prior to January 1, 1924, and, being unknown, could not be prosecuted prior to that time, and the statute of limitations did not, therefore, begin to run until said offense was discovered and became known." The evidence submitted was sufficient to show that the crime was not barred by the statute of limitations at the time the indictment was returned.

7. The ground of the motion which alleged that the court erred in permitting "A. L. Jackson, a witness in said case, to testify, over the objection of counsel for the defendant to the effect that anything he might have heard outside of the presence of the defendant would not be proper," is too indefinite, and presents nothing for determination by this court.

8. The court did not err in refusing to allow a witness who had audited the books of the bank to testify that after making an examination of the assets and liabilities of the bank he reached the conclusion that the bank was insolvent.

9. After a witness had testified as to the connection of the defendant with several business concerns named, including the bank the funds of which he was charged with embezzling, the refusal of the court to allow the witness to swear that all these concerns had failed was not error for the reason, assigned by counsel for the defendant, that the failing condition of these enterprises was calculated to make the defendant more

Criminal Law, 16 C. J. p. 413, n. 91, 13; p. 414, n. 31; p. 615, n. 65; p. 1112, n. 97; p. 1125, n. 25; 17 C. J. p. 89, n. 63.

Embezzlement, 20 C. J. p. 483, n. 40.

Grand Juries, 28 C. J. p. 770, n. 15.

Indictments and Informations, 31 C. J. p. 684, n. 24.

Juries, 35 C. J. p. 319, n. 16.

or less forgetful, and accounted for his not making a certain entry which would have relieved him of the charge of embezzlement.

10. It is not insisted by counsel for the plaintiff in error that the evidence is not sufficient to convict.

DECIDED JULY 28, 1927.

Embezzlement; from Haralson superior court—Judge Maddox presiding. April 29, 1927.

Application for certiorari was made to the Supreme Court.

*John S. Edwards, S. Holderness,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general, E. S. Ault,* contra.

BLOODWORTH, J.   The foregoing headnotes will be understood by reading the following statement of facts: W. W. Heaton, the plaintiff in error, was charged with embezzling "certain securities of [the] . . Bank of Tallapoosa, to wit, certain warehouse receipts delivered to him in the fall of the year 1920 by H. Y. Hutcheson . . as collateral security for notes then and there held by said bank." The defendant filed a plea in abatement, on the grounds: (*a*) That certain grand-jurors who found the bill were disqualified to sit on the grand jury, for the reason that they were related to depositors in the bank from which the funds were alleged to have been embezzled. (*b*) That in drawing the grand jury from the box the judge, out of the presence of the accused and on his own knowledge of their relationship to the depositors and officers of the bank, and after conferring with others as to the competency of these jurors, laid the names of certain of these jurors aside as disqualified, and did not put their names on the jury list, but drew others in their stead. (*c*) That prior to the finding of the special presentment the accused had not been arrested on this charge, nor did he have any notice or information of any sort that this investigation would be made by the grand jury at that term. (*d*) That at his first opportunity after notice that the special presentment had been returned against him he made his objection thereto.

Counsel for the State demurred to the plea in abatement on the following grounds: (*a*) The plea is insufficient in law. (*b*) The grand jurors would not be disqualified upon the grounds stated in the plea. (*c*) The plea fails to state or show how the jurors would have been disqualified in the event they had been drawn for service in said case. (*d*) The plea fails to allege that the particular jurors whose names were not put on the jury list

would have been qualified to act as grand jurors if they had been required to serve as such. The court sustained the demurrer in part and overruled it in part. A trial was had upon a traverse to the plea in abatement. After hearing the evidence the court directed the jury to render a verdict in favor of the traverse and against the plea. A motion for a new trial was made on this issue and was overruled. The case proceeded to trial upon its merits, and the jury returned a verdict finding the defendant guilty. After this hearing on the merits a motion for a new trial was made, and when that was overruled a bill of exceptions was filed.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*