### 18229. HEATON *v.* THE STATE.

BLOODWORTH, J. "1. The judges of the superior courts, at the close of each term, in open court, shall unlock the box, and break the seal, and cause to be drawn from apartment number 'one' not less than eighteen nor more than thirty names to serve as grand jurors at the next term of court; all of which names shall be deposited in apartment number 'two'; and when all the names shall have been drawn out of apartment number 'one', then the drawing shall commence from apartment number 'two', and the tickets be returned to number 'one' and so on alternately; and no name so deposited in the box shall, on any pretense whatever, be thrown out of it, or destroyed, except when it is satisfactorily shown to the judge that the juror is dead, removed out of the county, or otherwise disqualified by law. Penal Code (1910), § 823. The language, 'or otherwise disqualified by law,' means a disqualification which renders it improper to put the name of a person in the grand-jury box and not a disqualification propter affectum.

"2. A grand jury should be drawn from the whole body of citizens selected and placed in the grand-jury box indifferently and without discrimination, under the above section of the Penal Code.

"3. When a grand jury is so drawn to serve, and it develops that a num-

ber of its members are disqualified to serve in the investigation of an alleged charge against the defendant, and the judge undertakes to supply their places by drawing other grand jurors from the grand-jury box, such drawing shall be made indiscriminately and without discrimination as above stated. In drawing such jurors a trial judge is not authorized by law, upon information based in part on what he knows, and derived in part from others, to reject jurors so drawn upon the ground that they would be incompetent propter affectum to indict the person against whom a charge is preferred and is to be passed upon by the grand jury. *White* v. *State*, 166 *Ga.* 192 (142 S. E. 666).

"4. Where a grand jury so drawn returned an indictment against a defendant, and the defendant filed a plea in abatement raising the above objection to the manner in which such grand jury was drawn, such plea was good, and the trial judge erred in directing a verdict against such plea, and the Court of Appeals erred in affirming that ruling of the trial judge.

"5. For the above reasons we reverse the judgment of the Court of Appeals; and this renders it unnecessary for us to consider any of the other assignments of error in the record, because, when the trial judge improperly directed a verdict against the plea in abatement, all that took place subsequently thereto was nugatory."

The foregoing are the rulings of the Supreme Court in this case, which was carried by certiorari to that court. (167 *Ga.*, 144 S. E. 782). Under these rulings the former judgment of this court (37 *Ga. App.* 195, 139 S. E. 103) must be vacated, and the judgment of the trial court overruling the motion for a new trial is

*Reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 14, 1928.

*John S. Edwards, S. Holderness,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general, E. S. Ault,* contra.