19718.   HEATON *v.* THE STATE.

Decided June 27, 1929.

*J. S. Edwards, W. H. Trawick, S. Holderness,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general, E. S. Ault,* contra:

Per Curiam.   At the January term, 1927, the defendant, Heaton, was indicted for embezzlement. He filed a plea in abatement, and, after a hearing of the plea, a verdict was directed against it, and the defendant was afterwards convicted of the charge. The case came to this court, and then went by certiorari to the Supreme Court, and the judgment was finally reversed upon the ground that the court erred in failing to sustain the plea in abatement.   See *Heaton* v. *State,* 167 *Ga.* 147 (144 S. E. 782); same case, 38 *Ga. App.* 695 (145 S. E. 534).

At the January term, 1929, and after a remittitur had been returned from the Court of Appeals, reversing the judgment in said case, an order was taken quashing the original indictment, and a new indictment was returned by the grand jury, charging the same offense. To this new indictment the defendant demurred, and also filed a plea in abatement. The court overruled the demurrer

to the indictment, and sustained the demurrer to the plea in abatement; and upon these rulings the defendant assigns error in his bill of exceptions.

The plea in abatement contains several grounds, but it suffices to say that they are without merit; and the controlling issue raised by the defendant's demurrer and plea in abatement is whether the new indictment was barred by the statute of limitations. If the original indictment was absolutely void, it did not toll the statute, and the second indictment was not found within the time limit. If the original indictment was merely voidable, it did toll the statute, and the second indictment was found within the time limit.

The new indictment, after charging fully the offense in substantially the same language as the original indictment, specifically alleges that the original indictment was nolprossed and quashed by the court on the 24th day of January, 1929, on account of certain *informalities* in drawing grand jurors to fill the places of certain members of the grand jury who were disqualified to act in the case; and that said original indictment "having been quashed on account of the informality herein set forth, that this [new] bill of indictment and presentment is found and presented within six months from the time the first bill of indictment was quashed as aforesaid."

Section 30 of the Penal Code provides that "if the indictment is found within the time limited, and for *any informality* shall be quashed or nolprossed, a new indictment may be found and prosecuted within six months from the time the first is quashed or nolprossed." The original indictment alleged that it was found within the time limit after the offense became known. So, under the above-quoted code-section, the only question is whether it was quashed for "any informality." We think it was quashed for a mere informality, and that therefore it was not void ab initio, but merely voidable, and did toll the statute. The original indictment undoubtedly alleged a crime, and alleged it was within the time limit after the offense was known; and the court had jurisdiction of the offense and the offender. The law distinctly provides that indictments may be quashed or nolprossed and new indictments found. Furthermore, neither the Supreme Court nor this court held that the original indictment was void, or that any

member of the grand jury that found it was disqualified either propter defectum or propter affectum. The plea in abatement to the original indictment was held to be good by the Supreme Court, not because of disqualification of any juror finding the indictment, but because the trial judge improperly *rejected* certain grand jurors upon information based in part on what he knew, and derived in part from others, and supplied their places by drawing other grand jurors from the grand-jury box; and the Supreme Court, after setting out these facts, specifically stated that *"for the above reasons* we reverse the judgment." See 38 *Ga. App.* 695, supra.

It is a significant fact that the defendant's pleading sustained by the Supreme Court was a plea in abatement. If the defect in the original indictment had appeared on its face, that indictment certainly would have been subject to demurrer; and if it proved to be void, it could not have tolled the statute, and the second indictment would have been barred by the statute of limitations. But the defect did not appear on the face of the indictment. The indictment charged an offense, and in order to disclose the defect it was necessary to produce evidence relative to the grand jurors. A plea in abatement was filed, and Black's Law Dictionary defines an abatement in pleading as follows: "The effect produced upon an action of law when the defendant pleads matter of fact showing the writ or declaration to be defective and incorrect. This defeats the action for the time being, but the court may proceed with it after the defect is removed, or may *recommence it in a better way."* Primarily the office of a plea in abatement is to abate, rather than nullify.

In the case of the United States *v.* Gale, 109 U. S. 65 (3 Sup. Ct. 1, 27 L. ed. 857), it was said that in certain instances the proceeding of *forming the panel* would be void. We quote from the decision in that case as follows: "But there is no complaint of this kind in the present case. The complaint simply relates to the action of the court in excluding particular persons who might properly have served on the grand jury. We do not think that this vitiated all the proceedings so as to render them absolutely null and void. . . A disqualified juror placed upon the panel may be supposed injuriously to affect the whole panel, but if the individuals forming it are unobjectionable, and have all the neces-

sary qualifications, it is of less moment to the accused what persons may have been set aside or excused. The present case is of the latter kind. No complaint is made that any of the grand jurors who found the indictment were disqualified to serve, or were in any respect improper persons. It is only complained that the court excluded some persons for an improper cause, that is, because they labored under the disqualification created by the 820th section of the Revised Statutes, which is alleged to be unconstitutional. It is not complained that the jury actually impaneled was not a good one." It will be noted how very similar are the facts in that case to those in the case now under consideration. In this case the Supreme Court held the plea of abatement to the original indictment good not because of the incompetency of the grand jury impaneled or any member thereof, but because the trial judge improperly excluded jurors and drew others in their stead; and, as was said in U. S. v. Gale, supra, "we do not think that this vitiated all the proceedings so as to render them absolutely null and void." An indictment must indeed be vitally defective in order to be absolutely void. "The presumption is in favor of the regularity and legality of all proceedings in the superior court." *Grinad* v. *State,* 34 *Ga.* 270. This being true, the reasoning in the case of *Atlanta, K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 781, 789 (47 S. E. 366), applies with equal force to the issue here involved. In that case the Supreme Court, referring to void and voidable suits, held that "A suit brought in a court having jurisdiction of the subject-matter is not void, and, when the petition therein is seasonably served, operates to toll the statute." The court in that case reasons substantially as follows: If there was enough of a former suit to sustain a plea in abatement, it was enough of a suit to prevent the running of the statute, and to form a stock upon which the renewal suit might be grafted. It was not absolutely void. The court had jurisdiction of the subject-matter. Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by *new* process, the statute will not prevent him from so doing, provided he follows it within the time allowed by law.

In the instant case the court had jurisdiction of the subject-matter and of the person, and the original indictment alleged a

crime, and was found within the time limit after the crime was known. It was defective to such an extent only that if the defendant had ignored the defect in question until after conviction, he would not have been heard to say that the judgment was ineffectual. It was not void, but was merely voidable, and was sufficient to toll the statute.

The court did not err in overruling the defendant's demurrer to the second indictment, or in sustaining the State's demurrer to the defendant's plea in abatement.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

Luke, J., dissenting: I have written the foregoing opinion according to the view of a majority of the court. However, my individual view is that the first indictment was absolutely void and did not toll the statute, and, therefore, the second indictment was not within the statute of limitations; and for this reason I dissent from the judgment of affirmance.