## 55773. MARTIN v. THE STATE.

Shulman, Judge.

1. Appellant pleaded guilty to robbery and aggravated assault in the Superior Court of Cobb County. He was sentenced in November, 1971, to 17 years imprisonment. In March, 1976, while incarcerated at Reidsville Prison in Tattnall County, appellant filed a motion to vacate and set aside in the trial court, the Superior Court of Cobb County. The Supreme Court has ruled that the motion, which was denied by the trial court, must be treated as an extraordinary motion for new trial. *Martin v. State,* 240 Ga. 488 (241 SE2d 246).

2. Appellant contends that the judgment and sentence entered on his plea of guilty are invalid because he filed a special plea of insanity which was still pending when his guilty plea was made. The record indicates that appellant did file the special plea and was examined by a psychiatrist. There is, however, no indication in the record that this plea was withdrawn or that the issue was first tried by a special jury.

"Whenever a plea is filed that a defendant in a criminal case is mentally incompetent to stand trial, it shall be the duty of the court to cause the issue of the defendant's mental competency to stand trial to be first tried by a special jury." Code Ann. § 27-1502. Considering a predecessor to § 27-1502, the Supreme Court held, "This section secures to a person charged with a crime the right to have the question of his mental condition at the time of the trial inquired into before being required to plead to the indictment. [Cit.]" *Baughn v. State,* 100 Ga. 554, 557 (28

SE 68).

Since the special plea of insanity filed by Martin was still pending when the guilty plea was accepted, it was error to accept the guilty plea and the judgment and sentence based thereon are void. Appellant is entitled to a new trial and the denial of his motion therefor was reversible error.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED SEPTEMBER 12, 1978.

Charles Ronnie Martin, *pro se.*
*Thomas J. Charron, District Attorney,* for appellee.