## 38648. CRANE v. THE STATE.

MARSHALL, Justice.

The direct appeal of the appellant, Paul Crane, from his 1956 conviction of murder and life sentence, was dismissed on the ground that he was a fugitive from justice. *Crane v. State,* 213 Ga. 386 (98 SE2d 903) (1957). His appeal from the denial of his first petition for the writ of habeas corpus was dismissed for lack of jurisdiction, "[i]t appearing from the record that there was no service of the [enumeration of errors] upon the [appellee] or his attorney, either personal or by acknowledgment . . ." *Crane v. Balkcom,* 217 Ga. 288 (122 SE2d 82) (1961). The denial of his second petition for habeas corpus was affirmed. *Crane v. Thompson,* 218 Ga. 47 (126 SE2d 204) (1962). Subsequently, he filed a "motion to vacate and set aside sentence," from the denial of which he filed a notice of appeal. *Held:*

"The law in this jurisdiction is clear that a motion to set aside a verdict and vacate a judgment (as distinguished from a motion in arrest of judgment) is not an appropriate remedy in a criminal case." *Waye v. State,* 239 Ga. 871, 874 (1) (238 SE2d 923) (1977) and cits. See also *Conlogue v. State,* 243 Ga. 141, 143, fn. 1 (253 SE2d 168) (1979); Daniel, Ga. Criminal Trial Practice, § 28-14, p. 699 (2d Ed.). Even if we were to treat the petition as one for habeas corpus in spite of the appellant's allegation therein ("This action is not a petition for a writ of habeas corpus and is not to be construed as being such petition . . ."), as we have held we can do in some cases (see *Martin v. State,* 240 Ga. 488 (241 SE2d 246) (1978) and cit.), this would avail the appellant nothing, as it would be a successive petition. Code Ann. § 50-127 (10) (Ga. L. 1967, pp. 835, 836; 1973, pp. 1315, 1316; 1975, pp. 1143-1145). The appellant's pleading not being a viable means of setting aside his conviction, the denial of his motion was not error.

Furthermore, even if we did not rule on the merits, the appeal would be subject to dismissal for failure of the appellant to comply with the order of this court directing the filing of briefs (which include the enumeration of errors) by May 10, 1982. Code Ann. § 24-4539; *Benson v. York,* 246 Ga. 751 (272 SE2d 706) (1980); *Tolbert*

*v. Tolbert,* 234 Ga. 708 (217 SE2d 162) (1975); *Perrin v. McDonald,* 234 Ga. 239 (215 SE2d 470) (1975); *Taylor v. Columbia County Planning Comm.,* 232 Ga. 155 (205 SE2d 287) (1974); *Register v. State,* 127 Ga. App. 232 (193 SE2d 58) (1972).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

Paul Crane, *pro se.*

*David L. Lomenick, Jr., District Attorney, Michael J. Bowers, Attorney General,* for appellee.