## 69551. McGEE v. THE STATE.
### (327 SE2d 566)

BENHAM, Judge.

Appellant was convicted of burglary, rape, armed robbery, theft by taking, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. He now raises several alleged errors, none of which we find meritorious.

1. Appellant asserts the general grounds. The State first introduced into evidence a certified copy of appellant's 1976 conviction for armed robbery. The victim then testified that at approximately 2:00 a.m., on December 11, 1983, she opened her motel room door in response to a knock, thinking that a member of her husband's musical band was there. When she instead saw two male strangers, she attempted to shut the door, but the two men forced their way into the room and pointed a gun at her head. One of the men, wearing a wide-brimmed hat, pushed the victim onto the motel bed and forced her to have sex with him against her will. Meanwhile, the other man, who was hatless, ransacked the room and demanded money of the victim. The hatless man then forced the woman to have sexual relations with him and had his confederate place a gun to her temple while he raped her. The two men then took several articles of male clothing from the room as well as approximately $150 and the victim's car keys. They bound and gagged the woman, and the hatless assailant had her point out her car's ignition key. Shortly thereafter, she heard a car start and realized that her assailants were gone. She managed to get in touch with the desk clerk, who notified police. The victim testified that no one had permission to enter her room or to take the clothes, money, or car. She stated that appellant resembled the assailant who was

hatless during her ordeal, but she admitted that she could not positively identify appellant as one of the two men.

A witness testified that at 12:20 a.m. on December 11, he had driven appellant and another man to a filling station near the motel where the victim was staying. An investigating officer found a wallet containing appellant's driver's license on the floor of the victim's motel room next to the bed on which she was raped. The victim's car was recovered, and several finger and palm prints were lifted from the car's interior and exterior. An FBI expert fingerprint analyst testified that a palm print taken from the driver's door was made by the left hand of the same person who had made a set of finger and palm prints contained in another exhibit. A police officer testified that he took the latter prints from appellant on December 12, 1983. The evidence presented by the State and summarized above was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-6-1; 16-7-1; 16-8-2; 16-8-41; 16-11-106; 16-11-131. The victim's inability to positively identify appellant as one of her assailants does not vitiate his convictions in light of the other evidence linking him to the crimes.

Appellant argues that he cannot be convicted of armed robbery, because there was no evidence that an offensive weapon was used to take the victim's property from her. He contends that the handgun brandished about by the two assailants was used to accomplish the rape only. We strongly disagree. The evidence presented showed that the offensive weapon was used as a concomitant to the taking of property from the immediate presence of the victim (see *Brown v. State*, 251 Ga. 598 (2) (308 SE2d 182) (1983)) as well as the means by which the victim was forced to submit to acts of sexual intercourse.

2. Contrary to appellant's assertion, "the conduct of a convicted felon in using a firearm to perpetrate an armed robbery constitutes a violation of OCGA § 16-8-41 [armed robbery] *and* a violation of § 16-11-131 (b) [possession of a firearm by a convicted felon], and the perpetrator may be prosecuted for the commission of each of these crimes." *Smallwood v. State*, 166 Ga. App. 247 (1) (304 SE2d 95) (1983).

3. The Supreme Court has also held that "[t]he offense of possession of a firearm during the commission of a felony does not merge into the felony upon convictions for both . . . '[T]here is express legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes.' [Cit.]" *Wiley v. State*, 250 Ga. 343 (6) (296 SE2d 714) (1982). The case on which appellant relies, *High v. State*, 247 Ga. 289 (12) (276 SE2d 5) (1981), was expressly overruled in *Wilson v. Zant*, 249 Ga. 373, 380

(290 SE2d 442) (1982).

4. Finally, appellant maintains that testimony concerning palm print identification should have been excluded because there was an insufficient basis with which to make the comparison. We disagree.

A police officer identified Exhibit 2 as "a set of major case fingerprints" taken from appellant by another officer and sent to the Federal Bureau of Investigation Lab in Washington, D. C. The FBI expert witness defined "major case prints" as a record of all of the area of the fingers as well as the palms of the hands of an individual. He identified Exhibit 2 as inked fingerprints and palm prints bearing appellant's name. The officer who took the prints which comprised Exhibit 2 identified them as "a set of major case inked fingerprints," which he had taken from appellant. He identified Exhibit 8 as the "latent lifts" he took from the exterior and interior of the stolen car. Exhibit 2 itself shows palm and full fingerprints of both hands. The expert testified that a palm print lifted from the driver's door of the victim's car and contained in Exhibit 8 was made by the same person who made the prints contained in Exhibit 2. Appellant argues that the palm print comparison testimony should have been excluded because the officer who took the prints said he took only fingerprints. It is obvious from a thorough reading of the transcript and an examination of the exhibits in question that the officer referred to prints taken of any part of the hand as "fingerprints." His poor choice of terminology, however, in no way affected the FBI expert's ability to make a comparison of the prints actually taken and to present his opinion thereon to the jury. Appellant's enumeration is without merit.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 28, 1985.

*William D. Edwards*, for appellant.

*H. Lamar Cole, District Attorney, Gregory H. Jacobs, Assistant District Attorney*, for appellee.