77911. SCOTT v. THE STATE.
(379 SE2d 199)

SOGNIER, Judge.

Joseph Lee Scott was convicted of the offenses of aggravated assault on a police officer with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, and he appeals.

Construing the evidence to support the convictions, the jury was authorized to believe that all the charges for which appellant was convicted stemmed from an incident on July 23, 1986, on Interstate 20 in DeKalb County, in which State Trooper J. M. Welch stopped a Ford Escort for a tag violation. Trooper Welch approached the driver, Bobby Lackey, asked him to step out, and after Lackey stated he did not have his driver's license, asked him to sit in the back of the patrol car on the passenger side. When Lackey gave a name and date of

birth which did not match up on Welch's computer with those on file, Welch approached appellant, the passenger in the Escort, to see if he could assist in identifying the driver. Appellant told Welch he had no driver's license, and gave Welch the name "Joe Smith" and a date of birth which did not match those on file for any driver's license issued to a "Joe Smith." At that point, Welch was informed via radio communication from headquarters that the tag on the Escort was registered to a different car and the Escort had been reported stolen. He then told appellant to get out of the Escort, patted him down for weapons and, finding none, walked appellant back to the patrol car, opened the passenger door on the driver's side, and requested that appellant get in. Lackey, seeing the open passenger door, moved across the rear seat and began pushing on the door with his foot, struggling to leave the patrol car. Welch pushed back on the door, trying to prevent Lackey from escaping, and while they struggled appellant reached over and grabbed Welch's service revolver from its holster on Welch's hip. Appellant told Welch to "freeze, sucker" and fired several shots while Welch jumped back and dove behind the patrol car. Lackey and appellant then ran to the Escort and drove off. Appellant was arrested on these charges after the DeKalb County police learned he was in the Clarke County jail on other charges. By that time, Lackey had died in an unrelated automobile accident.

1. Appellant first contends the evidence was insufficient to support his convictions because the State failed to disprove his affirmative defense of coercion. We do not agree that no evidence was adduced which would have authorized the jury to disbelieve that appellant was coerced. Appellant testified that he did not know Lackey very well and had merely gone for a ride with him that day, but Delores Ellis, Lackey's girl friend, testified that Lackey and appellant knew each other very well. Appellant testified that when Trooper Welch stopped the car, Lackey told him the reason they were being stopped was that the car was stolen, and that he would kill appellant as well as his family if he did not do something about the situation, putting appellant in mortal fear of Lackey. Appellant further testified he reached for and grabbed Welch's gun because Lackey hollered to him to get Welch's pistol in a "real loud and mean-like" voice. However, Welch testified that he heard no such exhortation from Lackey.

We agree with the State that appellant's testimony that he grabbed the gun only because of his fear of Lackey is belied by Welch's testimony that appellant boldly told him to "freeze, sucker." Further, appellant's trial testimony differed in several important respects from previous statements, undermining his credibility. " 'Where there is a conflict in the testimony of witnesses, their credibility is for the jury, and not this court, to decide.' [Cits.] 'On appeal

of a conviction based on a jury verdict' the appellate court examines 'the evidence in a light most favorable to support that verdict' and resolves 'all conflicts in favor of the verdict.' [Cit.]'Applying these precepts, the evidence was sufficient for a rational trier of fact to find the essential elements of the offense[s] charged beyond a reasonable doubt. [Cits.]" *Hosch v. State*, 185 Ga. App. 71 (1) (363 SE2d 258) (1987).

2. Appellant next asserts the trial court erred by admitting evidence of other crimes into evidence. The "other crimes" in this case were an armed robbery and automobile tag theft committed by appellant and Lackey in Clarke County after the charged offenses. Initially, we note that although appellant moved in limine to prevent the admission into evidence of the armed robbery, no objection was made to the introduction of evidence concerning the tag theft. Accordingly, appellant waived any objection he may have had to the introduction of the tag-theft evidence. See *Thaxton v. State*, 184 Ga. App. 779, 781 (2) (362 SE2d 510) (1987).

As to the armed robbery, the evidence admitted showed that appellant and Lackey, after escaping from Trooper Welch, drove back toward Athens and, after stealing a pickup truck and then a tag and purchasing ammunition for the gun stolen from Welch, went to Lackey's home for the night. The next day they robbed a gasoline station. The State argues that this evidence was admissible for two purposes: first, to show appellant's identity, and second, to impeach appellant regarding his defense of coercion by showing that he and Lackey regularly spent time together, and were, in fact, partners in crime. Contrary to appellant's argument, evidence of other crimes may be admitted to prove identity. *Saleem v. State*, 169 Ga. App. 952, 953-954 (1) (315 SE2d 487) (1984). We agree with appellant, however, that there was no question of identity here, since appellant admitted committing the crimes as charged but claimed he was coerced.

Nevertheless, we find the evidence was properly admitted as part of a continuing criminal transaction which began with the attack on Welch, continued through the thefts of the truck and the tag, and ended with the service station robbery. "While the general rule is that a separate and independent offense is inadmissible on the prosecution for another crime, exceptions to the rule exist where there is a logical connection between the two crimes from which it can be said that proof of one crime tends to prove the other. [Cit.] Such an exception exists where 'the extraneous crime . . . is one of a system of mutually dependent crimes.' [Cits.]" *Harper v. State*, 249 Ga. 519, 531 (8) (292 SE2d 389) (1982). Further, as indicated by the State, the admitted evidence was relevant because it tended to disprove appellant's affirmative defense of coercion by showing that appellant was with

Lackey on other occasions, and "[w]here evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. [Cits.]" *Worthy v. State*, 180 Ga. App. 506, 508 (3) (349 SE2d 529) (1986).

3. In his final enumeration of error, appellant maintains the convictions for possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony should have merged because the factual basis for both depends upon appellant's status as a "prohibited person." We do not agree.

Georgia courts have held that the offense of possession of a firearm by a convicted felon does not merge with an offense charging possession of a prohibited weapon. *Bivins v. State*, 166 Ga. App. 580, 582 (3) (305 SE2d 29) (1983). Neither offense merges with the offense of armed robbery. *McGee v. State*, 173 Ga. App. 604, 605-606 (3) (327 SE2d 566) (1985); *McKissic v. State*, 178 Ga. App. 23, 24 (2) (341 SE2d 903) (1986). The conduct prohibited by OCGA § 16-11-131 (b) is the receipt, possession, or transportation of "any firearm" by "[a]ny person . . . who has been convicted of a felony." The conduct prohibited by OCGA § 16-11-106 (b) is having "on or within arm's reach of [one's] person a firearm . . . during the commission of, or the attempt to commit" certain enumerated felonies. Under these statutes, an essential element of the former crime, but not of the latter, is the status of the accused as a convicted felon, whereas an essential element of the latter crime, but not of the former, is the commission of a felony while in possession of the weapon. One crime is not "included" in the other, nor do they merge factually, because each involves proof of distinct essential elements. See generally *Bivins*, supra at 582 (3). Accordingly, the trial court did not err by sentencing appellant for both crimes.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 —

*J. M. Raffauf*, for appellant.
*Robert E. Wilson, District Attorney, Eleni A. Pryles, Barbara B. Conroy, Robert Statham, Assistant District Attorneys*, for appellee.