S04A0122. COLLINS v. THE STATE.
(591 SE2d 820)

BENHAM, Justice.

Appellant Derrick Levert Collins was convicted in 1997 of malice murder and possession of a firearm during the commission of a crime, and his conviction was affirmed on appeal in *Collins v. State*, 273 Ga. 30 (538 SE2d 34) (2000). In May 2002, appellant, acting pro se, filed in the superior court in which he was convicted a "Motion to Hold Void Judgments Mere Nullity and to Expunge Such Void and Null Judgments." In the motion, appellant asked that his convictions and sentences be declared null and void because they "are the results of a federally unconstitutional jury verdict. . . ." In this post-conviction, post-appeal pleading, appellant asserted his conviction and sentence were null and void because "aforethought" is an essential element of malice murder and the trial court's purported instruction to the jury that Georgia law does not require premeditation prohibited the jury from making a finding regarding the element of

premeditation and relieved the State of its burden of proof with regard to that element. The trial court denied appellant's motion after finding that it failed to raise any discernible justiciable issue. Appellant then filed a direct appeal to this Court.

" '(I)t is the duty of this Court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' " *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). A criminal defendant's conviction which has been affirmed on direct appeal may be reviewed again by the filing of an extraordinary motion for new trial or a petition for writ of habeas corpus. *Richards v. State*, 275 Ga. 190, 191, fn. 1 (563 SE2d 856) (2002). With regard to either of those pleadings, appellate review is not gained by filing a direct appeal, but must be sought by means of an application for review: in the case of an extraordinary motion for new trial, the criminal defendant must file an application for discretionary appeal (OCGA § 5-6-35 (a) (7)); in the case of a petition for writ of habeas corpus, the criminal defendant must file an application for certificate of probable cause to appeal. OCGA § 9-14-52 (b).

Appellant invoked OCGA § 17-9-4 in filing his motion in the trial court and in filing his notice of appeal. The statute provides that "[t]he judgment of a court having no jurisdiction of the person or the subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." In his post-conviction, post-appeal motion currently before us, appellant did not question the trial court's personal or subject-matter jurisdiction. Compare *Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001) (where appellant alleged court of conviction lacked subject-matter jurisdiction over his prosecution); and *Weatherbed v. State*, 271 Ga. 736 (524 SE2d 452) (1999) (trial court's judgment was void when entered on guilty plea to an accusation charging a felony punishable by death). Rather, appellant raised an issue as to the content of a jury instruction given by the trial court in appellant's murder trial. Such an issue is an allegation that the criminal conviction is voidable, not an allegation that the conviction is void. See *Riley v. Garrett*, 219 Ga. 345, 351 (133 SE2d 367) (1963); *Smith v. Melton*, 149 Ga. 28 (98 SE 607) (1919); *Heaton v. State*, 40 Ga. App. 87 (149 SE 62) (1929). Since appellant's post-conviction, post-appeal motion does not allege a ground upon which the judgment of conviction entered against him can be declared void, it does not qualify as a § 17-9-4 motion and does not provide a means by which a direct appeal to this Court may be obtained. In effect, appellant seeks a second direct appeal by means of his motion containing an issue he could have raised on his direct appeal, and he is not entitled to a second direct appeal from the judgment of conviction. *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). Appellant's attempt

to obtain a second appeal of his conviction is subject to dismissal, and we hereby dismiss it. *Shields v. State*, 276 Ga. 669 (2) (581 SE2d 536) (2003).

*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 12, 2004 —
RECONSIDERATION DENIED FEBRUARY 13, 2004.

Derrick L. Collins, *pro se.*
*Daniel J. Craig, District Attorney*, for appellee.