## S07A0988. JONES v. THE STATE.
(651 SE2d 728)

BENHAM, Justice.

Edward James Anthony Jones pled guilty to malice murder in 1987 and received a sentence of life imprisonment. He filed a motion in 2007 to vacate the conviction, contending various flaws in the process leading to his conviction rendered the conviction void.

1. Jones contends his conviction is void because it was entered on the record prior to his indictment. Jones is correct that his murder conviction would be void if entered prior to his indictment (*Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999) (without indictment, trial court had no jurisdiction to accept guilty plea to murder and enter sentence)), but the record does not support Jones's

contention that his conviction preceded indictment. The record includes the indictment with entries on it showing Jones pleaded guilty on November 6, 1986, and was sentenced on that date to life imprisonment. Thus, the record shows a guilty plea and sentence entered after the indictment was returned and refutes Jones's argument that his conviction is void for having preceded indictment.[1]

2. Jones also contends his conviction is void because the trial court accepted his plea after a psychiatric evaluation was ordered to determine his competency to stand trial. The Court of Appeals held in *Martin v. State*, 147 Ga. App. 173 (2) (248 SE2d 235) (1978), that a judgment and sentence based on a guilty plea entered while a special plea of insanity made pursuant to OCGA § 17-7-130 is still pending are void. However, *Martin v. State*, supra, is distinguishable from the present case because Jones entered no special plea of insanity. In the present case, there was only a request for evaluation, with which the trial court complied (see USCR 31.4), and no special plea of mental incompetency pursuant to OCGA § 17-7-130 (b), which would have triggered a right to a competency hearing prior to acceptance of Jones's guilty plea. In the absence of such a plea or circumstances raising a question about the defendant's competence to stand trial, the trial court is not required to try the issue of competency to a special jury. *Christenson v. State*, 261 Ga. 80 (2) (b) (402 SE2d 41) (1991); *Callaway v. State*, 208 Ga. App. 508 (1) (431 SE2d 143) (1993). Under those circumstances, the ensuing judgment and sentence were not void.

3. The other issues raised by Jones[2] are not matters which would render his conviction void and are, therefore, not within the ambit of his right to a direct appeal from a motion to vacate a void judgment. *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED OCTOBER 29, 2007.

Edward James Anthony Jones, *pro se.*

---

[1] The clarity of the record is muddied somewhat by the inexplicable appearance there of a "Final Disposition" form dated the same day as the indictment, four days prior to Jones's guilty plea hearing, and bearing a stamp of the trial judge's signature.

[2] Jones enumerated as error the alleged failure of the trial court to inform him of the elements of the crime charged and to require the factual basis of the plea to be placed on the record.

*Scott L. Ballard, District Attorney, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General,* for appellee.