S08A0014. WILLIAMS v. THE STATE.
(656 SE2d 144)

THOMPSON, Justice.

Danny Williams was convicted of murder and other crimes and sentenced to life plus five years in prison. His convictions were affirmed on appeal, *Williams v. State*, 270 Ga. 125 (508 SE2d 415) (1998), and his state and federal habeas corpus challenges were denied. In 2007 Williams filed a motion to set aside his convictions, arguing for the first time that his trial jury was not sworn. The court denied Williams' motion and he appeals. For the following reason, we affirm.

The law is clear that a motion to set aside a verdict and vacate a judgment is not an appropriate remedy in a criminal case. *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). OCGA § 17-9-4, which provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it," does not require a contrary result. We consistently have held that this provision does not authorize a departure from the recognized procedure for challenging a criminal conviction. See *Wright*, supra; *Shields v. State*, 276 Ga. 669, 671 (581 SE2d 536) (2003). Because a motion to set aside is not an

established procedure for challenging the validity of a judgment in a criminal case, we affirm the trial court's order denying the motion to set aside Williams' conviction.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 11, 2008.

Danny Williams, *pro se.*
*Daniel J. Craig, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

---

[1] We note that Williams' claim could have been raised in a motion in arrest of judgment under OCGA § 17-9-61. Such motions, however, must be filed within the term the judgment was rendered, not, as in this case, nine years later. OCGA § 17-9-61 (b). He also could have raised the claim in a habeas petition, although the court here correctly did not construe the motion to set aside as a petition for habeas corpus, because, even assuming no procedural bar, the motion was filed in the county in which Williams was convicted, rather than against the warden in the county in which he is incarcerated. See OCGA § 9-14-43; *Davis v. State*, 274 Ga. 865-866 (561 SE2d 119) (2002). Finally, depending on the circumstances, the issue could have been raised in an extraordinary motion for new trial. See OCGA § 5-5-41.