### S08A0113. CHESTER v. THE STATE.
(664 SE2d 220)

BENHAM, Justice.

Appellant Anthony Chester was convicted in 1994 of malice murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime, and his convictions were affirmed by this Court in *Chester v. State*, 267 Ga. 9 (471 SE2d 836) (1996). Appellant was sentenced to life imprisonment for the murder conviction and received for each of the firearm possession convictions a five-year term of imprisonment to be served consecutively. In July 2007, Chester filed a motion to vacate or void an illegal sentence, contending the consecutive sentences were void and the firearm possession convictions were illegal because they should have merged into his murder conviction pursuant to OCGA § 16-1-7 (a). The trial court denied the motion and Chester appealed to this Court.

1. "[T]he denial of a petition to correct a sentence on the ground that the original sentence was void is appealable as a matter of right." *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999). The only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void. Id. at 689. A sentence is void if the court imposes punishment that the law does not allow. *Curtis v. State*, 275 Ga. 576 (1) (571 SE2d 376) (2002). A judgment of conviction and a sentence imposed on that conviction are void if the offense is included as a matter of law or fact in another crime for which the defendant was convicted and sentenced. Id. That is not the situation presented by the case at bar since possession of a firearm during the commission of a felony does not merge into a conviction for malice murder (*Jackson v. State*, 267 Ga. 130 (2) (475 SE2d 637) (1996)); possession of a firearm by a convicted felon does not merge into a conviction for malice murder (*Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993)); and neither possession conviction merges into conviction for the other. *Scott v. State*, 190 Ga. App. 492 (3) (379 SE2d 199) (1989). Since the sentences imposed by the trial court are punishment the law allows, the sentences are not void.

2. We next examine Chester's motion to the extent it seeks to

have judgments of conviction declared void pursuant to OCGA § 17-9-4. OCGA § 17-9-4 provides: "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court where it becomes material to the interest of the parties to consider it." To qualify for consideration as a motion filed pursuant to OCGA § 17-9-4, a motion to vacate a conviction as void must allege a ground upon which the judgment of conviction entered against a criminal defendant can be declared void. *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004). The denial of the motion is directly appealable if the convicted defendant raised in his motion allegations which would render his conviction void. Id.; *Jones v. State*, 282 Ga. 568 (651 SE2d 728) (2007) (where defendant convicted of murder alleged conviction was entered on the record prior to indictment, an allegation that could void the conviction). If the ground raised is not one which would void the conviction, the motion does not qualify as an OCGA § 17-9-4 motion. *Collins v. State*, supra, 277 Ga. at 587. In the latter circumstance, a convicted defendant must raise the issue in a direct appeal from the judgment of conviction, an extraordinary motion for new trial, a petition for writ of habeas corpus, or a motion in arrest of judgment. See *Williams v. State*, 283 Ga. 94, 95, n. 1 (656 SE2d 144) (2008). *Shields v. State*, 276 Ga. 669 (581 SE2d 536) (2003) should be read as requiring dismissal of an appeal from the denial of an OCGA § 17-9-4 motion where a convicted defendant raises sufficiency of the evidence as an issue. However, where the convicted defendant raises in an OCGA § 17-9-4 motion an issue that would void a conviction (e.g., lack of venue), the denial of the motion is affirmed where venue was, in fact, proved.

As stated earlier, a judgment of conviction for a crime included in another crime as a matter of law or fact is void. *Curtis v. State*, supra, 275 Ga. 576 (1). Since Chester alleged a ground that could void a conviction, he has a right of direct appeal from the trial court's denial of his motion. *Jones v. State*, supra, 282 Ga. 568. Compare *Collins v. State*, supra, 277 Ga. 586. As stated earlier, the convictions for possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon do not merge into each other or into malice murder. Accordingly, none of Chester's convictions is void and the trial court did not err when it denied appellant's motion.

*Judgment affirmed. All the Justices concur, except Carley, Thompson, and Hines, JJ., who concur specially.*

THOMPSON, Justice, concurring specially.

I agree with the majority decision which affirms the trial court's denial of appellant's motion to vacate his convictions because I

believe appellant's motion was unauthorized. I cannot agree, however, with the conclusion of the majority that a criminal defendant may challenge his conviction by filing a motion to vacate and thereby obtain a right of direct appeal in this Court. Accordingly, I specially concur.

For more than a century this Court has followed the well-established legal rule that a motion to set aside or vacate a verdict is not an appropriate remedy in a criminal case. See *Williams v. State*, 283 Ga. 94 (656 SE2d 144) (2008); *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004); *Shields v. State*, 276 Ga. 669, 671 (581 SE2d 536) (2003); *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985); *Crane v. State*, 249 Ga. 501 (292 SE2d 67) (1982); *Waye v. State*, 239 Ga. 871, 874 (238 SE2d 923) (1977); *Waits v. State*, 204 Ga. 295 (10) (49 SE2d 492) (1948); *Claughton v. State*, 179 Ga. 157 (1) (175 SE 470) (1934); *Gravitt v. State*, 165 Ga. 779 (3) (142 SE 100) (1928); *Hughes v. State*, 159 Ga. 818 (5) (127 SE 109) (1925); *McDonald v. State*, 126 Ga. 536 (55 SE 235) (1906). Without any justification, the majority opinion tacitly overrules this precedent by holding that OCGA § 17-9-4 provides criminal defendants authority to challenge their convictions at any time by filing in the trial courts of this State a motion to vacate or any other motion alleging their conviction is void.

I find nothing in the language of OCGA § 17-9-4 authorizing a criminal defendant to challenge a conviction by filing a motion to vacate or establishing a separate "§ 17-9-4 motion" by which criminal defendants may raise such a challenge. Instead, I believe OCGA § 17-9-4 as properly interpreted is a statute providing a criminal defendant the *right* to challenge a void conviction. Consistent with this interpretation, until today our cases have held that the proper *remedy* for challenging a void criminal conviction was by filing an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus. OCGA § 9-14-40. See *Williams*, supra, 283 Ga. at 95, n. 1. See generally OCGA § 9-2-3 ("For every right there shall be a remedy."). Unlike the majority opinion, I would follow this precedent and refuse to read into the right provided in OCGA § 17-9-4 a previously unrecognized remedy.

I am authorized to state that Justice Carley and Justice Hines join in this special concurrence.

DECIDED JULY 11, 2008.

Anthony Chester, *pro se.*

*Stephen D. Kelley, District Attorney*, for appellee.