# Court of Appeals
# of the State of Georgia

ATLANTA, __July 27, 2022__

*The Court of Appeals hereby passes the following order:*

## A22D0455. AMIRIS HERRERA v. THE STATE.

Amiris Herrera pleaded guilty in July 2021 to aggravated assault, simple assault, and driving without a license. In 2022, Herrera filed a pro se motion under "Rule 60" to set aside the judgment of conviction.[1] The trial court denied the motion to set aside, reasoning that the relief provided by OCGA § 9-11-60, which is a provision of Georgia's Civil Practice Act, is not available in criminal cases. Herrera then filed this application for a discretionary appeal. As explained below, however, the application must be dismissed.

Herrera's application makes clear that regardless of its nomenclature, the motion he filed in the trial court sought to set aside or vacate his criminal convictions. See *State v. Bell*, 274 Ga. 719, 719 (1) (559 SE2d 477) (2002) (when a court considers pleadings, substance controls over nomenclature); *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011) ("[c]ourts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought"). As the Supreme Court of Georgia has made clear, however, a post-conviction motion challenging the validity of a conviction and seeking to set aside or vacate the same is not a valid procedure in a criminal case. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Williams v. State*, 283 Ga. 94, 94 (656 SE2d 144) (2008). Thus, any effort to appeal from the denial of such a motion must be dismissed. *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786)

---

[1] The materials included with Herrera's application for a discretionary appeal do not include a copy of this motion.

(2009). Accordingly, this application for a discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   07/27/2022*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*