# Court of Appeals
# of the State of Georgia

ATLANTA,  September 15, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0044. KEKUTA JATTA v. THE STATE.**

In 2020, Kekuta Jatta pled guilty to criminal attempt to commit child molestation and was sentenced to ten years, with the first two to be served in confinement and the balance on probation. A little over a year later, in late 2021, Jatta filed a pro se pleading titled "Motion to Dismiss Case for Lack of Jurisdiction under 28 U. S. C. 2072 and Civ. Rule 60." In this pleading, Jatta asserted that his 2016 indictment was defective because the trial court had no minutes from the grand jury showing that it voted to indict him and because there was no proof that the grand jury had returned his indictment in open court. Given these alleged deficiencies, Jatta asserted that his conviction was void. The trial court denied Jatta's motion on January 18, 2022, finding that the indictment was returned in open court, with the grand jury foreperson stating that the grand jury had voted to indict Jatta. On July 7, 2022, Jatta filed this application for a discretionary appeal.[1] As explained below, this application must be dismissed.

An application for discretionary review must be filed within 30 days following entry of the order or judgment sought to be appealed. See OCGA § 5-6-35 (d). "The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an application for appeal not made in compliance therewith." *Moulder v. Reilly*, 226 Ga. App. 608, 608 (487 SE2d 142) (1997) (punctuation omitted); see also *Gable v. State*, 290 Ga. 81, 82 (2) (a) (720 SE2d 170) (2011) (noting that this Court "has held that

---

[1] Jatta filed his application in the Supreme Court of Georgia, which transferred the application to this Court on August 4, 2022.

the failure to meet the statutory deadline for filing a discretionary application is a jurisdictional defect"). Here, Jatta filed his application 170 days after entry of the order denying his motion challenging his conviction. Accordingly, Jatta's application is untimely and we are without jurisdiction to consider it.

Furthermore, the motion filed by Jatta shows that regardless of its nomenclature, it sought to set aside or vacate his conviction and sentence for attempted child molestation. See *State v. Bell*, 274 Ga. 719, 719 (1) (559 SE2d 477) (2002) (when a court considers pleadings, substance controls over nomenclature); *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011) ("[c]ourts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought"). As the Supreme Court of Georgia has made clear, however, a post-conviction motion challenging the validity of a conviction and seeking to set aside or vacate the same is not a valid procedure in a criminal case. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Williams v. State*, 283 Ga. 94, 94 (656 SE2d 144) (2008). Thus, any effort to appeal from the denial of such a motion must be dismissed. *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

For each of the foregoing reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta, ___09/15/2022___*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*