# Court of Appeals
# of the State of Georgia

ATLANTA,  May 14, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1426. STANFORD KING v. THE STATE.**

In 2007, after Stanford King was convicted of two counts of aggravated assault with intent to commit robbery, he was sentenced to twenty years, with the first seven years in confinement and the balance on probation. In 2018, after he was convicted of possession of cocaine with intent to distribute and possession of a firearm by a convicted felon, he was sentenced to fifteen years, with the first four years in confinement and the balance on probation. In August 2023, the trial court revoked the balance of King's probation in both cases. King thereafter filed a pro se motion to "correct a clerical error," arguing that the underlying indictments were actually "no bills" because the trial court clerk had no minutes from the grand jury showing that it voted to indict him. Given this deficiency, King asserted that any judgments against him were null and void. When no response was filed, King moved for default judgment on his motion. The trial court denied both motions on March 7, 2024, and King filed a direct appeal. As explained below, this appeal must be dismissed.

First, to the extent that King challenges his probation revocation, he was required to file an application for discretionary appeal to obtain review in this Court. See OCGA § 5-6-35 (a) (5); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999) (holding that where the underlying subject matter is probation revocation, the discretionary appeal procedure applies); accord *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998).

Second, to the extent King's motion to correct a clerical error sought to set aside or vacate his convictions, a post-conviction motion challenging the validity of a

conviction and seeking to set aside or vacate the same is not a valid procedure in a criminal case. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Williams v. State*, 283 Ga. 94, 94 (656 SE2d 144) (2008). A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, King's motion does not allege that his sentence exceeds the maximum allowed by law. Instead, King alleges that any judgments against him are void because his indictments were flawed. A challenge to the validity of an indictment is a challenge to the conviction rather than the sentence. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  05/14/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
_____ *, Clerk.*