# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0087. JEREMY ANTWION FIELDS v. THE STATE.**

In 2016, Jeremy Antwion Fields was convicted of unspecified crimes.[1] In or about 2025, Fields filed a "Motion for Void Sentence/Involuntary Plea, Failure to Arraign," arguing that because the trial court never arraigned him, his convictions should be vacated. Either on or after July 23, 2025, the trial court entered an order denying Fields's motion, and Fields filed this application for discretionary appeal on September 8, 2025.[2] As explained below, this application must be dismissed for at least two reasons.

First, the copy of the trial court order Fields submitted to this Court is not stamped "filed," meaning we have no way of knowing whether Fields's application is timely. See OCGA § 5-6-35 (d) (a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed). On September 16, 2025, this Court issued an order requiring Fields "to supplement [his] application with a stamped 'filed' copy of the order [being appealed] instanter." Our order further informed Fields that failure to "cause a copy of said order to be filed with the Court within 10 days of the date of this order" would result in the application's dismissal. Fields's failure to comply with this order requires that his application be dismissed.

---

[1] Fields did not include a copy of the indictment or judgment of conviction in his application materials.

[2] The order indicates that the trial court signed the same on July 23, 2025.

Furthermore, regardless of nomenclature, Fields's underlying motion seeks to challenge the validity of his convictions. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). As the Supreme Court of Georgia has made clear, however, a post-conviction motion challenging the validity of a conviction and seeking to set aside or vacate the same is not a valid procedure in a criminal case. See *Williams v. State*, 283 Ga. 94, 94-95 (656 SE2d 144) (2008). Thus, any effort to appeal from the denial of such a motion must be dismissed. *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

For each of the foregoing reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*__10/03/2025_____

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*