S07A1027. NICHOLS v. GROSS et al.
(653 SE2d 747)

HINES, Justice.

Kay Nichols ("Nichols") appeals from the trial court's grant of summary judgment to Dr. Alexander Stephen Gross, M.D., and Georgia Dermatology Specialists, P.C. ("Gross") in this medical malpractice case. Nichols contends that the statute of repose for medical

malpractice claims set forth in OCGA § 9-3-71 (b)[1] violates the equal protection clauses of the United States and Georgia Constitutions. U. S. Const. Amend. XIV, § 1; Ga. Const. Art. I, Sec. I, Par. II (1983). Finding no such constitutional infirmity, we affirm.

On June 22, 1998, Ronald David Nichols presented a spot on his left cheek to Dr. Alexander Stephen Gross for diagnosis and treatment. The spot was removed on August 7, 1998; no biopsy was performed.[2] The spot returned in 2001, and another physician diagnosed Mr. Nichols with malignant melanoma; he died of this cancer on May 7, 2003. On May 4, 2005, Nichols, individually and as executor of the estate of Ronald David Nichols, filed suit against Gross, alleging medical malpractice. Gross moved for summary judgment, asserting inter alia, that any claims grounded in medical malpractice were barred by OCGA § 9-3-71 (b)'s five-year statute of repose; the trial court granted summary judgment upon this ground. The parties do not dispute that June 22, 1998 was the "date on which the negligent or wrongful act or omission occurred" as set forth in OCGA § 9-3-71 (b), and that if the statute of repose can be applied, it operates to bar Nichols's suit.

> Under the equal protection clauses of the United States and Georgia Constitutions, the government is required to treat "similarly situated individuals in a similar manner." Where a "suspect class" or "fundamental right" is not involved, however, a legislative classification scheme need only survive the "rational basis" test.

(Citations omitted.) *Morgan County Bd. of Commrs. v. Mealor*, 280 Ga. 241, 243 (2) (626 SE2d 79) (2006). It is undisputed that no issues of "suspect class" or "fundamental right" are presented in this case.

---

[1] OCGA § 9-3-71 reads:

(a) Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.

(b) Notwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.

(c) Subsection (a) of this Code section is intended to create a two-year statute of limitations. Subsection (b) of this Code section is intended to create a five-year statute of ultimate repose and abrogation.

(d) Nothing contained in subsection (a) or (b) of this Code section shall be construed to repeal Code Section 9-3-73, which shall be deemed to apply either to the applicable statutes of limitation or repose.

[2] Nichols claims that personnel in Gross's office said that a biopsy was performed, with a satisfactory result; Gross disputes this.

This Court has previously applied the "rational basis" test to the statute of repose set forth in OCGA § 9-3-71 (b). In *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (437 SE2d 308) (1993), there was an equal protection challenge that the statute created an arbitrary classification between those who discovered their injuries within five years of the negligent act or omission, and those who discovered their injuries more than five years after the negligent act or omission. Id. at 658 (1). As stated in that opinion, under the "rational basis" test,

> the court will uphold the statute if, under any conceivable set of facts, the classification bears a rational relationship to a legitimate end of government not prohibited by the constitution. [Cit.] Those challenging the statute bear the responsibility to "convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decision maker." [Cit.]

Id.[3]

Nichols contends OCGA § 9-3-71 (b) violates the equal protection clauses because it bars only *medical* malpractice claims raised more than five years after the "negligent or wrongful act or omission," and thus treats medical malpractice claims differently from other claims of professional malpractice. This Court has on several occasions found that a separate classification of medical malpractice apart from all other tort claims is constitutional. *Hamby v. Neurological Assoc., P.C.*, 243 Ga. 698 (256 SE2d 378) (1979), addressed a statutory classification between medical malpractice actions and "all other loss of consortium actions" with respect to the limitation period for bringing suit and declared that "the separate classification of medical malpractice actions is a rational exercise of the legislative power." Id. And, this Court has repeated this recognition of constitutionality when faced with challenges to the separate classification of medical malpractice actions in the statute of limitations now found in OCGA § 9-3-71 (a).

> In *Allrid v. Emory University*, [249 Ga. 35 (285 SE2d 521) (1982)], we held, in accordance with *Hamby v. Neurological*

---

[3] Nichols argues that this Court should adopt the position of the dissent in *Craven*, which advocated that, beyond the "rational basis" test and the "strict scrutiny" afforded cases involving suspect classes or fundamental rights, there should be a "third choice" for the purposes of the medical malpractice statute of repose, that is, a "substantial relation" test. This Court rejected this proposal in *Craven*, and declines to adopt it now.

*Assoc., P.C.*, [supra], that the classification of medical-malpractice actions separately from other tort actions for statute-of-limitations purposes is a rational exercise of the legislative power.

*Quinn v. Stafford*, 257 Ga. 608, 609 (3) (362 SE2d 49) (1987). See also *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983). The fact that Nichols's challenge is to the statute of repose rather than the statute of limitations does not alter the application of the above-cited cases; the statutory classification of medical malpractice is the same.

Nonetheless, Nichols asserts that her argument that classifying medical malpractice cases differently from other professional malpractice cases has not been addressed by this Court. First, as a matter of logic, when this Court approved as constitutional a classification treating medical malpractice cases differently from "other" tort cases for purposes of the statute of limitations, the category "other" tort cases necessarily included cases involving non-medical professional malpractice. Further, this Court stated in *Craven* that

> [b]ecause of the nature of the practice of medicine, uncertainty over the causes of illness and injury make it difficult for insurers to adequately assess premiums based on known risks. Furthermore, the passage of time makes it more difficult to determine the cause of injury, particularly in diseases where medical science cannot pinpoint the exact cause. Therefore, we conclude that the purpose of the statute of repose is rational.

Supra at 659 (1). These policy matters are also applicable to any consideration of the differences between the practice of medicine and other professional activities. Accordingly, there is no merit to Nichols's claim that OCGA § 9-3-71 (b) creates an arbitrary classification between claims asserted in medical malpractice cases and claims involving other professional malpractice.

Nichols also asserts that the five-year period of the statute of repose is itself arbitrary, and thus cannot withstand the "rational basis" test. See *In the Interest of A. N.*, 281 Ga. 58, 62 (636 SE2d 496) (2006). However, as noted, *Craven* dealt with the argument that an arbitrary classification was created based on the five-year period of repose. That opinion rejected the contention that "the legislature may not impose a time-triggered abrogation of a cause of action to some groups of claimants but not for others," found that the passage of time provided a rational basis for enacting the five-year period, and concluded that "[w]e cannot say that the legislature acted irrationally when it amended the statute in question[, creating the five-year

statute of repose].” While Nichols urges that the abrogation of medical malpractice causes of action by the operation of the statute of repose can produce harsh results, OCGA § 9-3-71 (b) is nonetheless within the General Assembly's legislative power to enact. See *Allrid*, supra at 37 (1) (a).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2007 —
RECONSIDERATION DENIED DECEMBER 14, 2007.

*Lamar, Archer & Cofrin, Robert C. Lamar, Keith A. Pittman, Katherine A. Eichelberger*, for appellant.

*Owen, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., Rolfe M. Martin, Mark D. Meliski, Huff, Powell & Bailey, Anna B. Fretwell*, for appellees.

*Peters & Monyak, Robert P. Monyak, Jeffrey S. Bazinet*, amici curiae.