## S09A1900. RAINER v. STATE OF GEORGIA et al.

(690 SE2d 827)

MELTON, Justice.

After being convicted of robbery and false imprisonment of a minor in July 2001, and being released from prison in 2006, Jake Rainer was required to register as a sexual offender pursuant to OCGA § 42-1-12.[1] On December 17, 2008, Rainer filed a declaratory action in the Superior Court of Fulton County, claiming that OCGA § 42-1-12 was unconstitutional as applied to him. The State moved to dismiss the complaint, and the trial court granted the State's motion to dismiss, finding that OCGA § 42-1-12 is constitutional. Rainer appeals from this ruling, arguing that, because the offenses for which he was convicted were not "sexual" in nature, requiring him to register as a "sexual offender" constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and arguing that OCGA § 42-1-12 violates substantive due process in that it is unconstitutionally over-inclusive. For the reasons that follow, we affirm.

1. With respect to Rainer's claim that the registration requirement constitutes cruel and unusual punishment, the United States Supreme Court and this Court have made clear that sexual offender registry requirements such as those contained in OCGA § 42-1-12

---

[1] Even though the crimes for which Rainer was convicted did not involve sexual activity, as Rainer concedes in his brief, the plain language of OCGA § 42-1-12 makes clear that one who is convicted of false imprisonment of a minor and who is not the parent of the minor must register as a "sexual offender." The term "sexual offender" is specifically defined in OCGA § 42-1-12 (a) (20) (A) as "any individual . . . [w]ho has been convicted of a criminal offense against a victim who is a minor *or* any dangerous sexual offense." (Emphasis supplied.) A "criminal offense against a victim who is a minor" includes "[f]alse imprisonment of a minor, except by a parent." OCGA § 42-1-12 (a) (9) (B) (ii). Thus, one such as Rainer who is convicted of false imprisonment of a minor and who is not the minor's parent must register as a "sexual offender," as that term has been specifically defined by the legislature. See OCGA § 42-1-12 (e) (1) ("Registration pursuant to this Code section shall be required by any individual who . . . [i]s convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor.").

are regulatory, and not punitive, in nature. *Smith v. Doe*, 538 U. S. 84, 93 (II) (123 SC 1140, 155 LE2d 164) (2003) (Alaska's sexual offender registration statute served a legitimate nonpunitive governmental objective and did not impose "retroactive punishment forbidden by the Ex Post Facto Clause" of the United States Constitution.). See also *Frazier v. State*, 284 Ga. 638, 640 (1) (668 SE2d 646) (2008) ("The fact that [a defendant's] prior conviction subjects him to *possible* [future] punishment [for failing to register] under OCGA § 42-1-[12] does not somehow convert the statute into an unconstitutional ex post facto law as applied to [him].") (citations and punctuation omitted; emphasis supplied). In light of this determination that such registry requirements are

> not punitive, it follows that the [registry requirement under Georgia] law is not a "cruel and unusual punishment" in violation of the Eighth Amendment. See *Smith v. Doe*, [supra,] 538 U. S. at 97 (explaining that factors used in determining whether law is punishment for ex post facto purposes "have their earlier origins in cases under the Sixth and Eighth Amendments").

*Doe v. Miller*, 405 F3d 700, 723 (V), n. 6 (8th Cir. 2005).

Rainer's argument to the contrary is without merit. Specifically, because the registration requirements themselves do not constitute punishment, it is of no consequence whether or not one has committed an offense that is "sexual" in nature before being required to register. See *Smith v. Doe*, supra, 538 U. S. at 99 (II) (B) (registration as a "sexual offender" does not constitute "punishment," as the purpose of providing notice to the public about one who has committed a crime requiring registration is "to inform the public for its own safety, not to humiliate the offender"). The nature of the offense requiring the registration would not somehow change the registration requirements themselves into a form of "punishment" for purposes of an Eighth Amendment cruel and unusual punishment analysis. See *Frazier*, supra, 284 Ga. at 639 (1) ("the fact that a violation of the registration requirements leads to a harsh penalty is not pertinent to whether the registration requirements are additional punishment for the previously-committed [crime]") (citation and punctuation omitted).

2. Rainer contends that OCGA § 42-1-12 is unconstitutionally over-inclusive because it requires him to register as a sexual offender even though the offense that he committed against a minor did not

involve sexual activity. In evaluating this claim, we must bear in mind that

> [w]hen a fundamental right is allegedly infringed by gov-
> ernment action, substantive due process requires that the
> infringement be narrowly tailored to serve a compelling
> state interest. Where, however, it is not a fundamental right
> that is infringed and the person complaining is not a
> member of a suspect class, the government action is exam-
> ined under the rational basis test, the least rigorous level of
> constitutional scrutiny.

(Citations and punctuation omitted.) *State of Ga. v. Old South Amusements*, 275 Ga. 274, 277 (2) (564 SE2d 710) (2002).

Here, there is no contention that Rainer is a member of a suspect class, and Rainer has no fundamental right, as one who has falsely imprisoned a minor and who is not the child's parent, to avoid the registration requirements of OCGA § 42-1-12. See *Washington v. Glucksberg*, 521 U. S. 702, 720 (II) (117 SC 2258, 138 LE2d 772) (1997) ("Liberty" specially protected by the Due Process Clause includes, among other fundamental rights, the right to marry, to have children, to direct the education and upbringing of one's children, and the right to marital privacy, and the United States Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decision-making in this unchartered area are scarce and open-ended.") (citation and punctuation omitted). Thus, the statute at issue here will be "examined under the rational basis test, the least rigorous level of constitutional scrutiny." *Old South Amusements*, supra, 275 Ga. at 277 (2).

Under this test,

> the means adopted by [the government] need only be
> reasonable in relation to the goal they seek to achieve. Only
> if the means adopted, or the resultant classifications, are
> irrelevant to the [government's] reasonable objective, or
> altogether arbitrary, does the [statute involved] offend due
> process.

(Citations and punctuation omitted.) *Old South Amusements*, supra, 275 Ga. at 278 (2). See also *Nichols v. Gross*, 282 Ga. 811, 813 (653 SE2d 747) (2007) (under rational basis test with respect to equal protection challenge, "the court will uphold the statute if, under any conceivable set of facts, the classification bears a rational relation-

ship to a legitimate end of government not prohibited by the constitution") (citation and punctuation omitted).

Here, it is rational to conclude that requiring those who falsely imprison minors who are not the child's parent to register pursuant to OCGA § 42-1-12 advances the State's legitimate goal of informing the public for purposes of protecting children from those who would harm them. Indeed, it is not unreasonable or completely arbitrary to believe that a child may be more at risk of harm from someone who would falsely imprison the child who is not the child's parent.

Again, the fact that Rainer's offense did not involve sexual activity is of no consequence. The term "sexual offender" is specifically defined in OCGA § 42-1-12 (a) (20) (A) as "any individual . . . [w]ho has been convicted of a criminal offense against a victim who is a minor *or* any dangerous sexual offense." (Emphasis supplied.) Under the statute, one only needs to have committed a "criminal offense against a victim who is a minor" (as that phrase is defined under OCGA § 42-1-12 (a) (9) (B))[2] in order to meet the statutory definition of "sexual offender" for purposes of registration. There is no requirement that sexual activity be involved. Rainer's *belief* that the term "sexual offender" may only apply to offenders who commit sexual offenses against minors does not change the fact that the definition provided in the statute, and not the definition that Rainer wishes to impose upon the statute, controls. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981) (Where a "statute is plain and susceptible of but one natural and reasonable construction, the court

---

[2] Pursuant to that Code section, a

"[c]riminal offense against a victim who is a minor" . . . means any criminal offense under Title 16 or any offense under federal law or the laws of another state or territory of the United States which consists of:

(i) Kidnapping of a minor, except by a parent;

(ii) False imprisonment of a minor, except by a parent;

(iii) Criminal sexual conduct toward a minor;

(iv) Solicitation of a minor to engage in sexual conduct;

(v) Use of a minor in a sexual performance;

(vi) Solicitation of a minor to practice prostitution;

(vii) Use of a minor to engage in any sexually explicit conduct to produce any visual medium depicting such conduct;

(viii) Creating, publishing, selling, distributing, or possessing any material depicting a minor or a portion of a minor's body engaged in sexually explicit conduct;

(ix) Transmitting, making, selling, buying, or disseminating by means of a computer any descriptive or identifying information regarding a child for the purpose of offering or soliciting sexual conduct of or with a child or the visual depicting of such conduct;

(x) Conspiracy to transport, ship, receive, or distribute visual depictions of minors engaged in sexually explicit conduct; or

(xi) Any conduct which, by its nature, is a sexual offense against a minor.

However, "[f]or purposes of subparagraph (a)(9)(B) of this Code section, conduct which is punished as for a misdemeanor or which is prosecuted in juvenile court shall not be considered a criminal offense against a victim who is a minor." OCGA § 42-1-12 (a) (9) (C).

has no authority to place a different construction upon it, but must construe it according to its terms."). In any event, even if Rainer's interpretation of the phrase "sexual offender" were correct, which it is not,

> [t]he fact that the distinctions drawn in the act may be imperfectly related to the goals desired [would] not make the act invalid. If the classification is overinclusive or underinclusive, it is nevertheless a good enough fit. We cannot require the legislature to establish a perfect classification system.

(Citations and punctuation omitted.) *Old South Amusements*, supra, 275 Ga. at 278 (2). OCGA § 42-1-12 does not violate substantive due process. Id.

In this regard, the Department of Justice studies cited by the trial court and the dissent are irrelevant to the rational basis analysis required here. Indeed, as the United States Supreme Court has made clear,

> [a] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data. Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function.

(Citations and punctuation omitted.) *FCC v. Beach Communications*, 508 U. S. 307, 315 (II) (113 SC 2096, 124 LE2d 211) (1993).

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., and Benham, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

Because the definition of "criminal offense against a victim who is a minor" found in OCGA § 42-1-12 (a) (9) is unconstitutionally over-inclusive, I respectfully dissent to Division 2 of the majority opinion and to the affirmance of the trial court's ruling.

In May 2000, 18-year-old Jake Rainer and three acquaintances arranged to buy drugs from the 17-year-old victim, planning to take her money and drugs after picking her up at an agreed-upon location. The victim got into the car to complete the transaction and they drove away. Stopping in what they thought was a secluded area, the men attempted to take the victim's purse and push her out of the car. There was a struggle, and the victim remained inside. The men drove to a second location, where they left the victim after gaining

possession of the purse. Witness identifications led to the arrest of the four men. In May 2001, Rainer pled guilty to false imprisonment and robbery, and was sentenced to ten years imprisonment with five years to serve and the remainder on probation. Rainer served the five years and it was not until he had been on probation for a year that he was informed for the first time that he would be required to register as a sex offender for these crimes.

The majority concludes that it is rational to require non-parental false imprisoners of minors to register as sex offenders in order to "protect[ ] children from those who would harm them." Op. at 678. But the statutory scheme creating the sex offender registry seeks to protect children not from all harm, but from harm by those who have committed certain designated offenses. See OCGA § 42-1-12 (a) (9), (10). Non-parental kidnapping and false imprisonment are the only two such offenses that are not inherently sexual in nature and, although a sexual offense may occur during a kidnapping or a false imprisonment, such conduct would clearly be covered by other provisions of the statute. See OCGA § 42-1-12 (a) (9) (A) (iii)-(vii); 42-1-12 (a) (9) (B) (iii)-(xi); 42-1-12 (a) (10) (A) (i), (iv)-(xix). Thus, the inclusion of kidnapping and false imprisonment in the statutory scheme serves merely to sweep within its purview those, such as Rainer, who should not be characterized as "sexual offenders."

The record contains a Department of Justice study, relied upon by the trial court, which indicates that 46 percent of non-parental abductions of minors also involve a sexual assault. A statutory scheme that treats all such kidnappings and false imprisonments as sexual offenses, creating an "error rate" of over 50 percent, is clearly not rational. Although registration as a sex offender may not be considered a punishment, see *Smith v. Doe*, 538 U. S. 84, 93 (II) (123 SC 1140, 155 LE2d 164) (2003), it is no mere administrative formality or minor inconvenience. Registration limits where the offender can live, work, and congregate, OCGA § 42-1-15, and is not a requirement that should be imposed cavalierly.

I am a parent. I am a grandparent. I care about the children of this State. But I am also obligated to care about the constitutional rights of all those affected by its laws. For this reason, I must dissent.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED MARCH 15, 2010.

*Ann M. Fitz*, for appellant.
*Thurbert E. Baker, Attorney General, Joseph J. Drolet, Senior*

*Assistant Attorney General, Paige E. Boorman, Assistant Attorney General*, for appellees.