S09G1578. HOLLIE v. THE STATE.
(696 SE2d 642)

HUNSTEIN, Chief Justice.
We granted certiorari to address the propriety of the Court of Appeals' holding that the trial court did not err by making Jim Phillip Hollie's registration as a sex offender a special condition of

his probation. *Hollie v. State*, 298 Ga. App. 1 (3) (679 SE2d 47) (2009). For the reasons that follow, we affirm.

Hollie was indicted in December 2005 on charges of aggravated child molestation, aggravated sexual battery and child molestation (four counts) arising out of events that occurred in July 2005. He was convicted of all charges and sentenced in February 2007 under the version of OCGA § 16-6-4 then in effect to 30 years, to serve 15 in confinement. Additionally, the sentence provided as a special probation term that Hollie "must register as a sex offender as required by [OCGA § 42-1-12]. The defendant is required to review the requirements of this statute with the Probation Department."

1. It is well established that, as part of the broad discretion vested in trial judges by the probation and suspension statutes in Georgia, the appellate courts will approve "any reasonable condition imposed for probation" of sentence by the trial court "[i]n the absence of express authority to the contrary." *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974). See also *Walker v. Brown*, 281 Ga. 468 (1) (639 SE2d 470) (2007); *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992). OCGA § 42-1-12 contains no language expressly prohibiting a superior court from imposing sex offender registration as a probation condition. Nor do we interpret OCGA § 42-8-35 (b), which sets forth certain enumerated terms and conditions of probation that may be imposed on persons like Hollie who commit criminal offenses which come within OCGA § 42-1-12,[1] as being exclusive in its provisions but rather recognize that the trial court has broad discretion to impose appropriate conditions not specifically listed therein. See generally *State v. Pless*, 282 Ga. 58 (646 SE2d 202) (2007); *Priest v. State*, 261 Ga. 651 (2) (409 SE2d 657) (1991). Accordingly, we find no merit in Hollie's argument that the trial court here was not authorized to make sex offender registration a special condition of probation.[2]

2. Hollie argues that, because registration as a sex offender is for a lifetime, the designation of sex offender registration as a special condition of probation exceeds the maximum penalty for his February 2007 conviction. Hollie's lifetime registration is required by the sex offender registration statute. See former OCGA § 42-1-12 (g) (2), effective July 1, 2005, Ga. L. 2005, p. 453, § 1 et seq./HB 106; see

---

[1] OCGA § 42-8-35 (b) became effective January 1, 2005. Ga. L. 2004, p. 761, § 4.

[2] Due to the nature of Hollie's convictions, it is uncontroverted that he is expressly subject to the sex offender registration requirements. We decline to address Hollie's hypothetical arguments regarding the failure of OCGA § 42-1-12 to set forth the official responsible for determining whether an individual must register as a sex offender in those cases involving offenses not specifically identified in the statute.

also current OCGA § 42-1-12 (f) (7).[3] The period of time to which Hollie is subject to registration *as a special condition of probation*, however, is governed by OCGA § 42-8-34 (c) (the period of probation or suspension "shall not exceed the maximum sentence of confinement which could be imposed on the defendant"); see *Allen v. State*, 286 Ga. 392 (2) (687 SE2d 799) (2010) (Legislature in OCGA § 42-8-34 (c) limited probation period to maximum sentence of imprisonment or period of incarceration) and by OCGA § 17-10-1 (a) (1) (sentencing judge "shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime"), under which "'(t)he conditions of probation cannot exceed the length of the sentence.'" (Footnote omitted.) *Kaiser v. State*, 275 Ga. App. 684, 686 (2) (621 SE2d 802) (2005) (holding void special condition of probation that prohibited Kaiser from *ever* practicing medicine). Thus, sex offender registration as a special condition of probation does not exceed the maximum penalty for Hollie's conviction inasmuch as his obligation to comply with the registration requirements after the completion of his sentence would be governed solely by OCGA § 42-1-12.

3. Contrary to Hollie's argument, the Court of Appeals correctly recognized that current law does not deem registration as a sexual offender to be punishment. See, e.g., *Rainer v. State of Ga.*, 286 Ga. 675 (1) (690 SE2d 827) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010.

*Mark A. Yuracheck*, for appellant.
*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.

---

[3] As noted above, Hollie was convicted of felony aggravated child molestation, which was defined as a "sexually violent offense" under former OCGA § 42-1-12 (a) (7) and is currently defined as a "dangerous sexual offense" under OCGA § 42-1-12 (a) (10) (A) (ix).