S10A0813. WIGGINS v. THE STATE.
(702 SE2d 865)

BENHAM, Justice.

Appellant Paul Wiggins, Jr., was found guilty of and sentenced for cruelty to children and violation of an oath of public office, and those convictions were affirmed on appeal. See *Wiggins v. State*, 280 Ga. 268 (626 SE2d 118) (2006); *Wiggins v. State*, 279 Ga. App. 901 (633 SE2d 381) (2006), and *Wiggins v. State*, 272 Ga. App. 414 (612 SE2d 598) (2005). Following his unsuccessful effort to obtain a writ of habeas corpus, appellant filed in the court of conviction a motion to strike what he alleged was an illegal sentence, asserting that the special condition of probation imposed by the trial court that required he register as a sex offender was illegal because the statute

that authorized the special condition is unconstitutional. After the trial court denied the motion, he filed this appeal.

Appellant contends the sentencing court's imposition of a requirement that appellant register as a sex offender for the rest of his life is an illegal sentence because OCGA § 42-1-12 (a) (9) (B) (xi), which authorizes a sentencing judge to require sex offender registration of one who is convicted of "[a]ny conduct which, by its nature, is a sexual offense against a minor[,]" is unconstitutionally vague. Appellant argues the statute's terms are not defined, the statute fails to designate the entity authorized to require an individual to register as a sex offender, and the requirement that appellant register as a sex offender violates his Sixth Amendment rights and constitutes cruel and unusual punishment prohibited by the Eighth Amendment. He also contends the lifetime registration requirement imposes a sentence for his crime which exceeds the sentence set by the General Assembly for those crimes.

1. The District Attorney of Floyd County seeks dismissal of the appeal on the ground that appellant's contentions were resolved adversely to him in the denial of his petition for a writ of habeas corpus.[1] In his habeas petition, appellant asserted several of the grounds he raised in his motion to strike illegal sentence: that the imposition of the special condition of probation made his sentence illegal, that the statute authorizing the trial court's action was unconstitutionally vague, and that the sentence imposed violated his constitutional rights protected by the Sixth and Fourteenth Amendments because the sentence exceeded the punishment authorized by OCGA § 16-5-70. The habeas court did not address the merits of appellant's contentions, but instead determined the grounds were procedurally defaulted. OCGA § 9-14-48 (d).

"Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (463 SE2d 5) (1995). Where a convict seeks post-conviction relief based upon grounds previously litigated in a habeas proceeding, i.e., were raised in a habeas proceeding and resolved by the final judgment of the habeas court, this Court has determined that the convict is collaterally estopped from pursuing those grounds in his effort to obtain post-conviction relief. *Davis v. State*, 287 Ga. 414, 415 (696 SE2d 644) (2010) (where habeas court in 1998 found that appellant was informed of his *Boykin* rights at 1975

---

[1] Certified copies of appellant's habeas petition and brief, the Warden's return and answer, and the habeas court's final order were submitted to this Court.

guilty plea hearing, appellant could not re-litigate the issue in a motion seeking out-of-time appeal to challenge a void judgment and sentence); *Spiller v. State*, 282 Ga. 351 (2) (647 SE2d 64) (2007) (habeas hearing on claim of ineffective assistance of trial counsel and habeas court's ruling thereon precluded Spiller from relitigating ineffective assistance in out-of-time direct appeal); *Simmons v. State*, 276 Ga. 525 (579 SE2d 735) (2003) (inmate was collaterally estopped from seeking out-of-time appeal since a habeas court previously had determined that inmate was responsible for the loss of his right of direct appeal). Since the merits of the constitutional claims raised by appellant in his habeas petition were not ruled upon by the habeas court, appellant is not estopped from litigating the contentions in this action.

Contrary to the District Attorney's assertions, this case is not controlled by *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004). Appellant is not challenging sentencing procedure or sentence fairness, but is challenging the constitutionality of the statute which authorizes the court to impose sex offender registration as a condition of probation. Nor is the case controlled by *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004), where a convict contended a judgment of conviction was void because of the content of a jury instruction. Appellant is contending that his sentence is illegal because it is based on an unconstitutional statute (see *United States v. Lightsey*, 886 F2d 304 (11th Cir. 1989)), which is a colorable claim that the sentence imposed is void, and a direct appeal from the trial court's ruling is authorized. *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009). The District Attorney's motion to dismiss the appeal is denied, and we address the merits of the appeal.

2. Appellant contends that the special condition of probation requiring that he register as a sex offender is illegal because that condition of probation lasts a lifetime and OCGA § 42-8-34 (c) prohibits the probated portion of a sentence from exceeding the maximum sentence of confinement that could be imposed for cruelty to a child and violation of oath of office, the crimes for which appellant was convicted. Appellant's contention is controlled adversely to him by our recent decision in *Hollie v. State*, 287 Ga. 389 (2) (696 SE2d 642) (2010). In that decision, we noted that the special condition of probation was required by the sex offender registration statute (see OCGA § 42-1-12), and held that "sex offender registration as a special condition of probation does not exceed the maximum penalty for [appellant's] conviction inasmuch as his obligation to comply with the registration requirements after the completion of his sentence would be governed solely by OCGA § 42-1-12."

3. Appellant also contends that the special condition of probation is punishment and is unconstitutional under *Blakely v. Washington*,

542 U. S. 296 (124 SC 2531, 159 LE2d 403) (2004) and *Apprendi v. New Jersey*, 530 U. S. 466, 490 (120 SC 2348, 147 LE2d 435) (2000) because it was imposed without appellant admitting or the jury finding the facts supporting the increased penalty. The special condition of probation does not fall within the ambit of *Blakely* and *Apprendi*. The sex offender registry requirement is regulatory and not punitive in nature. See *Smith v. Doe*, 538 U. S. 84, 99 (II) (B) (123 SC 1140, 155 LE2d 164) (2003); *Rainer v. State of Ga.*, 286 Ga. 675, 676 (690 SE2d 827) (2010) ("the [sex-offender] registration require-ments themselves do not constitute punishment . . ."). Furthermore, the facts supporting the requirement that appellant register as a sex offender — that he committed conduct which was a sexual offense against a minor — were found by the jury when it found appellant guilty of the crime of cruelty to children, which was described in the indictment as maliciously causing a child under the age of 18 cruel and excessive mental pain "by requiring her to touch his penis and requiring her to permit him to touch her breast."

4. Contrary to appellant's contention, the requirement that he register as a sex offender does not violate the Eighth Amendment's proscription against the imposition of cruel and unusual punish-ment. *Rainer v. State of Ga.*, supra, 286 Ga. 675 (1).

5. Appellant next argues that the superior court lacked authority under OCGA § 42-1-12 to impose sex offender registration as a special condition of probation because the statute does not give the superior court authority to impose such a condition. However, in *Hollie v. State*, supra, 287 Ga. 389 (1), we held that the superior court was authorized to make sex offender registration a special condition of probation. Appellant further argues that OCGA § 42-1-12 is unconstitutionally vague because it does not designate the individu-als or entities authorized to require persons to register as sex offenders. In *Hollie*, we declined to address the hypothetical argu-ment regarding the failure of the statute to identify the official responsible for determining whether an individual convicted of a crime not specifically identified in the statute was required to register as a sex offender, noting that Hollie was expressly subject to the sex offender registration requirements. Id. at 390, n. 2. In contrast, appellant's special condition of probation requiring sex offender registration was imposed due to his conviction of "[a]ny conduct which, by its nature, is a sexual offense against a minor." OCGA § 42-1-12 (a) (9) (B) (xi). Because appellant's vagueness challenge does not involve freedoms protected by the First Amend-ment, we limit our decision to the statute as applied in this case. See *Thelen v. State*, 272 Ga. 81 (526 SE2d 60) (2000). Since appellant's special condition of probation was imposed by the superior court, an entity with authority to impose the requirement (*Hollie v. State*,

supra, 287 Ga. 389 (1)), we decline to address appellant's hypothetical arguments regarding the statute's failure to identify what other individuals or entities may require an individual to register as a sex offender.

6. Appellant also contends that OCGA § 42-1-12 (a) (9) (B) (xi) is unconstitutionally vague because it does not contain definitions for terms contained therein, i.e., "in the nature of" and "sexual offense."[2] The statutory subsection states that the phrase "criminal offense against a victim who is a minor" "means any criminal offense under Title 16 . . . which consists of: . . . (xi) Any conduct which, by its nature, is a sexual offense against a victim who is a minor."

The Due Process Clause of the Fourteenth Amendment "requires that a law 'give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.' " *Baker v. State*, 280 Ga. 822 (2) (633 SE2d 541) (2006). "When the phrase challenged as vague has a commonly understood meaning, then it is sufficiently definite to satisfy due process requirements." (Punctuation omitted.) *Dunn v. State*, 286 Ga. 238 (1) (686 SE2d 772) (2009). "Where, as here, the challenged statute does not involve First Amendment freedoms, it is examined in the light of the facts of the case at hand. [Cits.]" *Baker v. State*, supra, 280 Ga. at 823. It is commonly understood by persons of "common intelligence" that criminal conduct which is a sexual offense is, at a minimum, criminal conduct which involves genitalia. Inasmuch as the offense of cruelty to children for which appellant was convicted is found in Title 16 of the Official Code of Georgia and appellant's conduct that led to his conviction — requiring his victim to touch his penis and requiring her to permit him to touch her breast — is a sexual offense, the statute is not unconstitutionally vague. See *Jenkins v. State*, 284 Ga. 642 (3) (670 SE2d 425) (2008) (conviction for a crime "relating to rape" included attempted rape for purposes of sex offender registration requirements).

*Judgment affirmed. All the Justices concur.*

---

[2] Appellant seeks to limit the definition of "sexual offense" to that found by the Court of Appeals in *Sequeira v. State*, 243 Ga. App. 718 (1) (534 SE2d 166) (2000) (construing what is now OCGA § 42-1-12 (a) (9) (A) (vii)). However, the year following that decision, the General Assembly expanded the definition of a criminal offense against a minor that would subject the offender to sex-offender registration to include, among other things, convictions with underlying sexual conduct against children. See *Spivey v. State*, 274 Ga. App. 834, 835 (619 SE2d 346) (2005). Appellant's conviction for child molestation was based on underlying sexual conduct, i.e., requiring the 16-year-old victim to touch his penis and requiring her to permit him to touch her breast.

DECIDED NOVEMBER 8, 2010.

*Mark A. Yurachek*, for appellant.
*Leigh E. Patterson, District Attorney*, for appellee.