**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 22, 2013**

# In the Court of Appeals of Georgia

A12A2194. LOYA v. THE STATE.

BRANCH, Judge.

Lorenzo Alan Loya was tried by jury and found guilty of felony public indecency for urinating in public.[1] On appeal, he contends the trial court erred by refusing to charge public drunkenness as a lesser included offense of public indecency. He also contends one aspect of his sentence is void.

On appeal, we view the evidence in the light most favorable to the prosecution. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). Moreover, the State does not take issue with Loya's statement of facts. See Court of Appeals Rule 25 (b) (1) ("Except as controverted, appellant's statement of

---

[1] The crime was a felony because Loya had been convicted of public indecency on two previous occasions. See OCGA § 16-6-8 (c).

facts may be accepted by this Court as true."). The parties agree that Officer Whitfield saw Loya walk along a road and stop and urinate on a large boulder at the same time that a woman was driving in the opposite direction. Whitfield saw that the woman appeared to be shocked, and Whitfield testified that he could see Loya's genitals when Loya was urinating. Loya was intoxicated at the time. The State also introduced two similar occurrences. In the first, Loya was arrested and, in August 2003, plead guilty to exposing himself in a courtroom to a female probation officer. In the second, Loya was convicted in November 2005 of exposing himself outside a public library.

1. Loya requested a charge on public drunkenness as a lesser included offense of public indecency. The trial court denied the request for the reason that "the defendant's defense is that the public indecency did not occur." On appeal, Loya contends that the trial court erred in refusing this charge because the jury could have concluded from the evidence that Loya was guilty of public drunkenness and that his public urination could have been considered an "indecent condition or act" under OCGA § 16-11-41.[2]

_____

[2] OCGA § 16-11-41 (a) provides, "A person who shall be and appear in an intoxicated condition in any public place or within the curtilage of any private residence not his own other than by invitation of the owner or lawful occupant, which condition is made manifest by boisterousness, by indecent condition or act, or by vulgar, profane, loud, or unbecoming language, is guilty of a misdemeanor."

One offense is not included in another under OCGA § 16–1–6 (1)[3] if each offense requires proof of a fact that the other does not. *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006); *Stuart v. State*, 318 Ga. App. 839, 841 (734 SE2d 814) (2012). Loya was charged with public indecency in that he "did perform a lewd exposure of the sexual organs in a public place. . . ." See OCGA § 16-6-8 (a) (2).[4] Public drunkenness requires proof of intoxication in a public place and proof that the drunkenness was made manifest in one of several ways, one of which is that the defendant exhibited an "indecent condition or act." OCGA § 16-11-41 (a).

The crime of public drunkenness requires proof that Loya was intoxicated, which the crime of public indecency does not. The crime of public drunkenness does not require a lewd exposure of sexual organs, which is required by the crime of public indecency. And the crime of public indecency requires proof of exposure of sexual organs, which the crime of public drunkenness does not. Accordingly, as the crime of

---

[3] OCGA § 16-1-6 (1) provides that "An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charge."

[4] "A person commits the offense of public indecency when he or she performs any of the following acts in a public place. . . (2) A lewd exposure of the sexual organs." OCGA § 16-6-8 (a) (2).

3

public drunkenness requires proof of facts that public indecency does not, the offense of public drunkeness is not included in the crime of public indecency pursuant to OCGA § 16-6-1 (1).

Loya also contends that OCGA § 16-1-6 (2) regarding lesser included offenses could apply. OCGA § 16-1-6 (2) provides that a crime is included in another if "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Loya argues that because public drunkenness may be shown by an "indecent condition or act," that element of the crime only differs in degree from the element of public indecency that requires showing "lewd exposure of the sexual organs." But Loya ignores the fact that public drunkenness also requires a showing of intoxication and therefore differs from public indecency in a way not covered by OCGA § 16-1-6 (2).

Accordingly, we find no error in the trial court's refusal to charge the jury on public drunkenness as a lesser included offense of public indecency.

2. On January 13, 2010, the trial court sentenced Loya to five years confinement, with two years to serve and three years probation. In addition, as a special condition of probation, the court ordered Loya to register as a sex offender.

4

Loya contends the trial court erred by requiring him to register because (1) public indecency is not a crime for which conviction requires registration as a sexual offender under OCGA § 42-1-12 (e), and (2) requiring him to register constitutes an "indeterminate sentence" in that under the registration statute he must comply with the registration requirements for his entire life. OCGA § 42-1-12 (f) (6). We find no error.

(a) The State essentially concedes that Loya's conviction does not fall within the type of conviction for which sexual offender registration is required, and our review of OCGA § 42-1-12 confirms Loya's position.[5] It is well established, however, that a trial court has broad discretion to impose appropriate conditions of probation, and "the appellate courts will approve any reasonable condition imposed for probation of sentence by the trial court in the absence of express authority to the contrary." (Citation and punctuation omitted.) *Hollie v. State*, 287 Ga. 389, 390 (1) (696 SE2d 642) (2010). See also *Ballenger v. State*, 210 Ga. App. 627, 628 (1) (436 SE2d 793) (1993) ("The trial judge is expressly authorized by OCGA § 17-10-1 (a) to 'suspend or probate all or any part of the entire sentence under such rules and regulations as the

---

[5] The facts show that Loya was not convicted of a "criminal offense against a victim who is a minor," see OCGA §§ 42-1-12 (a) (9) (B) and (e) (1), nor convicted of a "dangerous sexual offense," see OCGA §§ 42-1-12 (a) (10) (B) and (e) (2). The remaining subsections of OCGA § 42-1-12 (e) are clearly inapplicable.

5

judge deems proper. . . .'") (citation omitted). And the Supreme Court of Georgia has held that there is no authority prohibiting a trial court from ordering sex offender registration as special condition of probation for those who commit crimes that come within the registration statute. *Hollie*, supra at 390 (1). That court also held that the registration statute itself "contains no language expressly prohibiting a superior court from imposing sex offender registration as a probation condition." Id.

The question remaining, however, is whether a trial court may order sexual offender registration for felony public indecency as a condition of probation even though such registration is not required by the registration statute. To reiterate what we stated above, the appellate courts will approve "any reasonable condition imposed for probation of sentence by the trial court in the absence of express authority to the contrary." (Citations and punctuation omitted.) Id. This Court has previously upheld a special condition requiring the defendant "to wear a fluorescent pink plastic bracelet imprinted with the words 'D.U.I. CONVICT' until further order of the court." *Ballenger*, supra at 628. We upheld the condition even though it was "not expressly authorized by specific Georgia statute" because it was "tailored by a trial court" to the circumstances. Id. at 628 (1).

In this case, Loya exposed himself to a female motorist and, considered along with his prior convictions,[6] the trial court was authorized to conclude that Loya was a recidivist who engages in a type of sexual offense harmful to the public. The condition was tailored to the crime and is a reasonable condition under the circumstances. Requiring Loya to register is also reasonable because registration is considered regulatory and not punitive in nature, and the argument that registration is cruel and unusual punishment under the Eighth Amendment has been rejected. *Wiggins v. State*, 288 Ga. 169, 172 (3), (4) (702 SE2d 865) (2010); *Rainer v. State*, 286 Ga. 675, 676 (1) (690 SE2d 827) (2010).

Accordingly, we conclude that under the facts of this case, the trial court was authorized to order Loya to register as a sexual offender.

(b) With regard to Loya's second argument, the Supreme Court has already held that even though "lifetime registration is required by the sex offender registration statute[,]" where sex offender registration is required as a condition of probation, registration is limited in the same manner as probation is limited – to the maximum

_____

[6] In addition to the similar transactions mentioned in this opinion the trial court also took into consideration Loya's 1987 conviction for aggravated child molestation.

sentence allowed by law as the punishment for the crime. (Footnote omitted.) *Hollie*, supra at 390-391 (2). As explained by the Supreme Court,

> The period of time to which [the defendant] is subject to registration *as a special condition of probation*, however, is governed by OCGA § 42–8–34 (c) (the period of probation or suspension "shall not exceed the maximum sentence of confinement which could be imposed on the defendant").

(Citation omitted; emphasis in original). Id. at 391 (2), and cases cited therein. Thus, like in *Hollie*, "sex offender registration as a special condition of probation does not exceed the maximum penalty for [the defendant's] conviction." Id. See also *Ballenger*, supra at 629 (3) ("The conditions of probation cannot exceed the length of the sentence. . . . [T]he ability of the court to enforce the terms of the conditions of the probation would lapse at that point."). Accordingly, because Loya's sex offender registration as part of his probation is thus limited to the maximum sentence allowed by law as punishment for that crime, the trial court therefore did not improperly give Loya an "indeterminate sentence" by requiring him to register as a sexual offender.

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*