**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 26, 2014**

# In the Court of Appeals of Georgia

A14A1180. SMITH v. THE STATE.

BOGGS, Judge.

Aaron Elisha Smith entered a negotiated guilty plea to the charge of statutory rape and was sentenced under the First Offender Act, OCGA § 42-8-60, to ten years of probation with the condition that he serve 60-120 days in a detention center. When Smith was told by his probation officer that he was required to register as a sex offender, he filed a "Motion to Enforce Sentence" requesting a "specific order" that he was not required to register. Following a hearing, the trial court denied Smith's motion, and he now appeals. In his sole enumeration of error on appeal, Smith asserts the trial court erred by denying this motion.[1] We affirm.

---

[1]Smith did not seek to withdraw his guilty plea based upon any misunderstanding about his obligation to register as a sex offender. See *Taylor v. State*, 304 Ga. App. 878, 884 (1) (698 SE2d 384) (2010). During the hearing on

OCGA § 42-1-12 (e) lists eight categories of individuals who "shall be required" to register as a sex offender. Two of those categories include an individual who "(1) [i]s convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor," and an individual who "(2) [i]s convicted on or after July 1, 1996, of a dangerous sexual offense." OCGA § 42-1-12 (a) (9) (B) provides that a "[c]riminal offense against a victim who is a minor . . . means any criminal offense under Title 16 . . . which consists of," among other enumerated conduct, "(iii) [c]riminal sexual conduct toward a minor." And OCGA § 42-1-12 (a) (10) (B) provides that "[d]angerous sexual offense . . . means any criminal offense, or the attempt to commit any criminal offense, under Title 16 as specified in this paragraph . . . which consists of the same or similar elements of," among other offenses, "(vii) Statutory rape in violation of Code Section 16-6-3, if the individual convicted of the offense is 21 years of age or older."

Smith argues that the specific definition in OCGA § 42-1-12 (a) (10) (B) (dangerous sexual offense) "overrules" the alleged general definition provided in

Smith's plea, the State asserted that "all parties agree the legislative intent was for anyone who was 21 years old at the time of offense was really what should control there, and so all parties agree that Mr. Smith is not a sex offender and is not required to be registered under the law."

OCGA § 42-1-12 (a) (9) (B) (criminal offense against a victim who is a minor), and that because he was age 20 at the time of the offense, OCGA § 42-1-12 (a) (10) (B) (vii) does not apply, and he therefore is not required to register as a sex offender. OCGA § 42-1-12 (a) (10) (B) (vii) provides only that registration *is* required for a statutory rape conviction for an individual 21 or older. So Smith's argument here is that what is *implied* by this subsection (registration *is not* required if the individual is under the age of 21) is specific, and prevails over what he deems is the general provision of OCGA § 42-1-12 (a) (9) (B) (iii).[2] But each of these provisions is specific in describing the categories of persons who are required to register either for having committed a specific crime or having engaged in certain conduct.

While Smith signed a "Statement of Defendant Desiring to Enter Negotiated Plea" which provided that he would not be required to register as a sex offender as a special condition of probation, and no such special condition was ordered by the trial court, the regulatory requirements of OCGA § 42-1-12 are independent of any

---

[2]Interestingly, Smith does not argue that OCGA § 42-1-12 (a) (10) (B) (vii) prevails over OCGA § 42-1-12 (a) (10) (B) (xix), listed within the same subsection, which provides that a "dangerous sexual offense" also includes "[a]ny conduct which, by its nature, is a sexual offense against a victim who is a minor or an attempt to commit a sexual offense against a victim who is a minor."

term or condition of probation that could be imposed by the trial court. Compare OCGA § 42-8-35 (b) with OCGA § 42-1-12 (e). Therefore, his motion to enforce the terms and conditions of his sentence is ineffectual to address the regulatory mechanism requiring him to register as a sex offender.

OCGA § 42-1-12 (a) (10) (B) (vii) does not apply here to require Smith to register as a sex offender because he was not "21 years of age or older" when he committed the statutory rape, and therefore did not commit a "dangerous sexual offense" as defined by that subsection. But this does not foreclose the requirement that he register for having committed a "criminal offense against a victim who is a minor" consisting of "criminal sexual conduct toward a minor" pursuant to OCGA § 42-1-12 (a) (9) (B) (iii). Smith pled guilty to the statutory rape of a 15-year-old girl, which "falls within the category of criminal sexual conduct toward a minor." *State v. Stulb*, 296 Ga. App. 510, 511 n.2 (675 SE2d 253) (2009). Had the legislature intended for OCGA § 42-1-12 (a) (9) (B) (iii) to apply only to those age 21 and over, as it did in OCGA § 42-1-12 (a) (10) (B) (vii), it could have specifically provided so. See *State v. Sterling*, 244 Ga. App. 328, 330 (2) (535 SE2d 329) (2000). For example, the legislature has specifically provided that a misdemeanor shall not be considered a "criminal offense against a victim who is a minor." OCGA § 42-1-12 (a) (9) (C).

This exclusion from the registration requirement would include a conviction for misdemeanor statutory rape pursuant to OCGA § 16-6-3 (c).

Smith argues further that the rule of lenity should apply to resolve ambiguity that would result in varying degrees of punishment. But that principle does not apply here. The rule of lenity "comes into play only to resolve ambiguities that remain after applying all other tools of statutory construction." (Citation and punctuation omitted.) *State v. Nankervis*, ___ Ga. ___ (2) (Case No. S14A0513; decided June 30, 2014). There is no ambiguity in the language of OCGA § 42-1-12 describing the categories of individuals that must register as a sex offender. See, e.g., *Youmans v. State*, 291 Ga. 754, 756 (2) (732 SE2d 441) (2012) (holding that "as OCGA § 42-1-12 (e) (4) and its related provisions provide fair warning as to who is required to register after having been convicted of a sexually violent offense, it does not authorize and encourage arbitrary and discriminatory enforcement"); *Wiggins v. State*, 288 Ga. 169, 173 (6) (702 SE2d 865) (2010) (OCGA § 42-1-12 (a) (9) (B) (xi) not unconstitutionally vague). Moreover, OCGA § 42-1-12 is not a criminal statute that prescribes punishment. While "registrants face extensive restrictions on where they can live, work, and volunteer," *Taylor v. State*, 304 Ga. App. 878, 884 (1) (698 SE2d 384) (2010), the registry requirements "are regulatory, and not punitive, in nature."

5

*Rainer v. State*, 286 Ga. 675, 676 (1) (690 SE2d 827) (2010). See *Rogers v. State*, 297 Ga. App. 655, 657 (678 SE2d 125) (2009) ("[T]he designation of a person as a sexual offender is neither a sentence nor a punishment but simply a regulatory mechanism and status resulting from the conviction of certain crimes [Cits.]").

And, although Smith pled guilty and was sentenced as a first offender, OCGA § 42-1-12 (a) (8) provides that a conviction, for purposes of the sex offender registry, includes a plea of guilty and those sentenced as first offenders:

> "Conviction" includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime, a plea of guilty, or a plea of nolo contendere. A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall be subject to the registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty. Unless otherwise required by federal law, a defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall not be subject to the registration requirements of this Code section upon the defendant's discharge.

As Smith has not yet been discharged for the completion of his sentence, he is required to register as a sex offender pursuant to OCGA § 42-1-12 (a) (9) (B) (iii) for

6

having committed a "crime against a victim who is a minor."[3] The trial court therefore did not err in denying his "Motion to Enforce Sentence."

*Judgment affirmed. Branch, J., concurs. Barnes, P. J., concurs in the judgment only.*

---

[3]We note that we have held the trial court has the authority to order sex offender registration "as a condition of probation even though such registration is not required by the registration statute." *Loya v. State*, 321 Ga. App. 430, 432-434 (2) (a) (740 SE2d 382) (2013).