# Court of Appeals
# of the State of Georgia

ATLANTA,  May 17, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1332.  BRYAN K. SIMS v. THE STATE.**

In 2012, Bryan K. Sims entered guilty pleas and was convicted of several offenses, including false imprisonment of four child victims.[1] In May 2020, he filed a "Motion to Void Sentence,"arguing that his sentence was void because he was required to register as a sex offender pursuant to OCGA § 42-1-12 even though his offenses did not involve sexual activity.[2] The trial court denied the motion and Sims filed this appeal.     A direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669,

---

[1] This is the second post-conviction appeal that Sims has filed in this Court. In Case No. A16A0947, Sims claimed that his plea counsel was ineffective for failing to inform him of the sex offender registration requirement. We affirmed the trial court's order denying his motion for an out-of-time appeal. See Case No. A16A0947 (decided Oct. 11, 2016).

[2] For convictions occurring between July 1, 2006, and June 30, 2015, a "[d]angerous sexual offense" includes false imprisonment in violation of OCGA §16-5-41, involving a victim who is less than 14 years of age. See OCGA § 42-1-12 (a) (10) (B) (iii). Because Sims was convicted in 2012, his false imprisonment offenses fell within the purview of this statutory definition and registration was required under OCGA § 42-1-12 (e) (2). "There is no requirement that sexual activity be involved" in the commission of the underlying offense. *Rainer v. State*, 286 Ga. 675, 678 (2) (690 SE2d 827) (2010).

670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void. See id.

Sims's motion does not contend that his sentence is void because it exceeds the statutory range. Rather, he asserts that his sentence is void because he is subject to the registration requirement. A sex offender registration requirement is neither a sentence nor a punishment, but is simply regulatory in nature. See *Rainer v. State*, 286 Ga. 675, 675-676 (1) (690 SE2d 827) (2010); *Hollie v. State*, 298 Ga. App. 1, 5 (3) (679 SE2d 47) (2009).

Because Sims has not raised a colorable claim that his sentence is void, a direct appeal from the trial court's order is not authorized. Therefore, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  05/17/2021*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*