# Court of Appeals
# of the State of Georgia

ATLANTA,  December 10, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0553.  JAMEZ ANTWANE BRYANT v. THE STATE.**

In 2018, Jamez Antwane Bryant entered an *Alford*[1] plea to two counts of enticing a child for indecent purposes and was sentenced to 30 years to serve 20 years in confinement. He was also ordered to register as a sex offender. Since his conviction, Bryant has filed multiple pro se motions in the trial court challenging his plea and sentence, along with several appeals in this Court.[2] Bryant filed another motion to withdraw his guilty plea, along with a motion to vacate void sentence, both of which the trial court denied on January 7, 2021. Bryant appealed these orders, and that appeal remains pending in this Court. See Case No. A21A1377. In September 2021, Bryant filed yet another motion to vacate void/illegal sentence, arguing that the lifetime sex offender registration requirements of OCGA § 42-1-12 violate OCGA § 17-10-1 (a) (1) and exceed the 30-year maximum punishment prescribed for the crime under OCGA § 16-6-5 (b). The trial court denied Bryant's motion on October 4, 2021, and Bryant filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Bryant filed his motion, a trial court may

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

[2] Many of his appeals have been dismissed. See Case Nos. A20A0052 (Aug. 5, 2019), A20A0147 (Apr. 21, 2020), A21A1716 (Oct. 21, 2021).

modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow, id., "most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Bryant has failed to raise a colorable claim that his sentence is void. A sex offender registration requirement is neither a sentence nor a punishment, but is simply regulatory in nature. See *Rainer v. State*, 286 Ga. 675, 675-676 (1) (690 SE2d 827) (2010); *Hollie v. State*, 298 Ga. App. 1, 5 (3) (679 SE2d 47) (2009). Because sex offender registration is not a sentence, it cannot exceed the 30-year maximum set forth in OCGA § 16-6-5 (b) or violate the determinate sentence requirement set forth in OCGA § 17-10-1 (a) (1) (A). Bryant has failed to raise a colorable void-sentence claim, and this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___12/10/2021_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.